439 A.2d 763

The **BELL TELEPHONE COMPANY OF PENNSYLVANIA,**

v.

**UNI–LITE, INC., Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1980.

Filed Jan. 5, 1982.

90

Robert M. Fellheimer, Philadelphia, for appellant.

Jerome Shestack, Philadelphia, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Bucks County, Civil Action, involving the defendant's appeal from a decision of the court below which granted plaintiff a summary judgment based on the court's determination that it lacked jurisdiction over the subject matter of the defendant's defense.

Plaintiff, Bell Telephone Company of Pennsylvania, initiated a Complaint in Assumpsit against the defendant, a telecommunications customer of plaintiff's, alleging that the defendant owed the plaintiff $10,169.19 for telephone service at defendant's place of business located at 1615 E. Darby Road in Havertown, PA of which $7,000 had been paid leaving a balance due of $3,196.19. The defendant filed an Answer and New Matter to the Complaint. The Answer admitted that plaintiff had provided telephone service to defendant at number SU9–0585 from October 16, 1974 to December 3, 1974. It also admitted that the defendant paid plaintiff $7,000 of the amount claimed to be due by plaintiff but denied that the defendant owed $3,196.19 for reasons appearing in its New Matter. In its New Matter the defendant alleged that it had requested plaintiff to install

Wide Area Telephone Service ("WATS service") and that it believes that had plaintiff done so its billing for the period in question would have been substantially less than the $10,169.19 amount. Plaintiff then filed a Reply to defendant's New Matter in which it alleged that it had informed defendant that prior to the installation of said WATS service a security deposit would be required which defendant failed to pay. Plaintiff then filed a Motion for Summary Judgment in which it alleged that defendant's New Matter raised a defense to the action which was not within the jurisdiction of the court but was within the jurisdiction of the Pennsylvania Public Utility Commission since the defense raised questions relative to telephone service rates. The court below agreed with plaintiff and granted its Motion for Summary Judgment. The defendant appealed.

 A summary judgment may be granted where the pleadings, interrogatories, depositions, affidavits, answers to interrogatories and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Pa. Rules of Civil Pro. 1035. Ruhe v. Kroger Co.*, 425 Pa. 213, 228 A.2d 750 (1967). A review of the pleadings and supporting affidavits makes it clear that in the instant case there is no genuine issue as to any material fact involved here. Defendant's defense assumes that plaintiff had some obligation to provide WATS service to defendant or that plaintiff was obligated in some way to apply WATS telephone rates as the lowest applicable rate for the telephone service provided to defendant. However, the Public Utility Commission has exclusive jurisdiction over the reasonableness, adequacy and sufficiency of public utility services. *66 Pa.C.S.A. 501 et seq. Elkin v. The Bell Telephone Company of Pennsylvania*, 247 Pa.Superior Ct. 505, 372 A.2d 1203 (1977). Since plaintiff is a public utility subject to the jurisdiction of the Public Utility Commission it is for the Public Utility Commission to determine initially whether the service provided by plaintiff to defendant fell short of the statutory standard required of it. Only after findings by the Public Utility Commission

adverse to plaintiff could the lower court proceed to determine the questions of liability and damages. *Bell Telephone Company v. Sanner*, 248 Pa.Superior Ct 273, 375 A.2d 93 (1977). The defendant attempts to distinguish *Sanner* by pointing out that in that case defendant's defense to a claim for unpaid telephone bills was that the service was so faulty so as to be of no value. The defendant also cites the cases of *Feingold v. Bell Telephone Co. of Pa.*, 477 Pa. 1, 383 A.2d 791 (1978) and *Behrend v. Bell Telephone Co.*, 242 Pa.Superior Ct. 47, 363 A.2d 1152 (1976) vacated and remanded on other grounds at 473 Pa. 320, 374 A.2d 536 (1977) which stand for the proposition that courts retain jurisdiction over a suit for damages based on negligence or breach of contract wherein a utility's performance of its legally imposed and contractually adopted obligations are examined and applied to a given set of facts. In those cases the courts were found to have original jurisdiction over claims for failure of the telephone company to render service. Since the reasonableness or adequacy of the telephone company's methods of providing service were not before the court in those cases the courts rather than the Public Utility Commission retained jurisdiction over the disputes. The instant case, however, is closer to the factual situations in *Elkin* and *Sanner*, which involved disputes over the *value* of the services received, rather than disputes over a *failure* of service as was the case in *Behrend* and *Feingold.* Matters relating to the tariff, the necessity of equipment, deposits and the use of various types of service are peculiarly within the expertise of the Public Utility Commission and, as such, are outside the original jurisdiction of the courts. *Byer v. Peoples Natural Gas Company*, 251 Pa.Superior Ct. 75, 380 A.2d 383 (1977). Despite defendant's assertions we find that the instant case is governed by the holding in *Sanner*, supra, as defendant's claim in our case also concerns a dispute as to the reasonableness and methods of the services provided by the utility to the defendant. We hold that the court below was correct in granting the summary judgment to the plaintiff.

Order affirmed.