453 A.2d 595

Joseph G. DeFRANCESCO and Frank Crea, t/d/b/a Mt. Washington Ornamental Iron Works Company and Joseph G. DeFrancesco and Frank Crea, as individuals, Appellants,

v.

WESTERN PENNSYLVANIA WATER COMPANY, a corporation, Appellee.

Joseph F. LOY and Bernice Loy, t/d/b/a Joseph F. Loy Tire Services, Inc., Appellants,

v.

WESTERN PENNSYLVANIA WATER COMPANY, a corporation, Appellee.

Supreme Court of Pennsylvania,
Western District.

Argued Sept. 23, 1982.

Decided Dec. 23, 1982.

Robert W. Murdoch, C. Robert Keenan, III, Jones, Gregg, Creehan & Gerace, Pittsburgh, for appellants.

George I. Buckler, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

McDERMOTT, Justice.

These consolidated cases are appeals of the orders of the Superior Court, vacating judgments entered in favor of

appellants[1] in the Court of Common Pleas of Allegheny County.[2]

The facts of the underlying dispute are simple: Fire broke out on the property at which appellants Joseph G. DeFrancesco and Frank Crea operated a business. Before the fire could be controlled, it spread to the adjacent business property of appellants Joseph F. and Bernice Loy. Structures on both properties were consumed by flames.

Appellants brought suit in trespass and assumpsit against appellees Western Pennsylvania Water Company ("West Penn"), alleging that the fire was not controlled because West Penn failed to provide water pressure in the fire hydrant near appellants' properties. The allegations put forth by appellants were that West Penn's employees had worked on the hydrant the day of the fire and, as a result, the water pressure in the hydrant sputtered off and on, below its normal pressure. Hence, appellants claimed, the fire raged beyond the control of the Pittsburgh Fire Department causing the damage to their properties.

The cases went to trial before the Honorable Emil Narick in the Allegheny County Court of Common Pleas, and appellants obtained verdicts in their favor. West Penn appealed to the Superior Court, raising the argument that the common pleas court had usurped the authority of the Public Utility Commission ("PUC"). The Superior Court reversed on this issue, holding that jurisdiction over appellants' liability claims was properly vested in the PUC. *DeFrancesco v. Western Pennsylvania Water Co.,* 291 Pa.Super. 152, 161, 435 A.2d 614, 618 (1981).[3]

The question of the PUC's jurisdiction was before us recently in *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383

---

1. Appellants in No. 5 are Joseph G. DeFrancesco and Frank Crea, in their individual capacities and as representatives of Mt. Washington Ornamental Iron Works Company. Appellants in No. 6 are Joseph F. and Bernice Loy, individually and on behalf of Joseph F. Loy Tire Service, Inc.

2. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 724.

3. Due to its disposition of the cases on the jurisdiction issue, the Superior Court had no occasion to consider numerous other issues raised by the parties.

A.2d 791 (1977) and *Elkin v. Bell Telephone Co. of Pennsylvania,* 491 Pa. 123, 420 A.2d 371 (1980). In *Feingold,* we held that the courts of common pleas have original jurisdiction to hear suits against public utilities for damages arising from failure to provide adequate service. 477 Pa. at 10, 383 A.2d at 795. *See also, Elkin,* 491 Pa. at 130, 420 A.2d at 375.

In *Elkin* we further defined the parameters of our holding in *Feingold.* *Elkin* involved an action challenging the adequacy of a complainant's telephone service, and this Court there approved of a bifurcated procedure for certain situations, whereby the issue of liability is decided initially by the PUC, after which the court of common pleas considers the issue of damages where appropriate. *Elkin,* 491 Pa. at 134, 420 A.2d at 377. Mr. Justice Larsen, speaking for the majority, said:

> [W]here the subject matter is within an agency's jurisdiction *and* where it is a complex matter requiring special competence, with which the judge or jury would or could not be familiar, the proper procedure is for the court to refer the matter to the appropriate agency. Also weighing in the consideration should be the need for uniformity and consistency in agency policy and the legislative intent.

*Id.* (emphasis original).

Both *Feingold* and *Elkin* considered the jurisdiction question in light of the Public Utility Law,[4] which charges the PUC to prescribe rules and regulations governing the service owed by public utilities to their customers and to determine the reasonableness, adequacy and sufficiency of that service. 66 P.S. §§ 1182, 1183 (replaced by 66 Pa.C.S.A. §§ 1504, 1505). That the PUC should have primary jurisdiction to determine when its rules have been disregarded is not only a statutory mandate but a precept recognizing the sometimes esoteric and technical nature of and reasons for the agency's rules. We have found salutary the legislative intent to install the PUC, rather than the courts, as the initial arbiters in these complex matters. *See Elkin,* 491 Pa. at 132, 420 A.2d at 376; *Feingold,* 477 Pa. at 6, 383 A.2d at 793.

---

**4.** Act of May 28, 1937, P.L. 1053, art. I, § 1 *et seq.,* 66 P.S. § 1101 *et seq., repealed and replaced by* The Public Utility Code, Act of July 1, 1978, P.L. 598, No. 116, § 1 *et seq.,* 66 Pa.C.S.A. § 101 *et seq.*

The controversy now before us, however, is not one in which the general reasonableness, adequacy or sufficiency of a public utility's service is drawn into question. Resolution of appellant's claims depended upon no rule or regulation predicated on the peculiar expertise of the PUC, no agency policy, no question of service or facilities owed the general public, and no particular standard of safety or convenience articulated by the PUC. Rather, the gravamen of the allegations at trial was within the prescan authority of the courts, i.e., that the utility *negligently* failed to provide service required.

> We addressed precisely this sort of situation in *Elkin:*
> Where . . . the matter is not one peculiarly within the agency's area of expertise, but is one which the courts or jury are equally well-suited to determine, the court must not abdicate its responsibility. In such cases, it would be wasteful to employ the bifurcated procedure of referral [to the PUC], as no appreciable benefits would be forthcoming.

491 Pa. at 134, 420 A.2d at 377 (footnote omitted). Involved here is not a question of whether appellants were entitled to water under agency regulations, or whether a certain general rule governing water pressure was disregarded. Resolving the essential question of whether the utility failed to perform its mandated duties requires no recondite knowledge or experience and falls within the scope of the ordinary business of our courts.[5]

Accordingly, we vacate the orders of the Superior Court and remand these cases to that court for disposition of all issues raised before, but not decided by, the Superior Court.

ROBERTS, J., files a concurring opinion.

---

**5.** We note that, just as the form of an action or the manner in which is titled does not automatically vest jurisdiction in the courts, the mere fact that a party to an action qualifies as a regulated public utility does not divest the courts of original jurisdiction. It is not to magic words, but to the essence of the underlying claims, we look in determining where jurisdiction properly lies.

ROBERTS, Justice, concurring.

The majority unnecessarily engages in a determination of whether appellants' complaint alleging injury from appellee's failure to maintain adequate water pressure presents a claim that should be resolved by the Public Utility Commission, for on this record it is clear that the PUC has, for all practical purposes, already resolved the claim. Appellee asserted in its pleadings and at trial that "Rule No. 17" of the applicable tariff, approved by the PUC, exonerated appellee from liability. The PUC-approved tariff provides:

### "LIABILITY OF COMPANY

(a) The Company shall not in any way or under any circumstances be held responsible to any person or persons for any loss or damage for any deficiency in the pressure, volume or supply of water due to any cause whatsoever. The Company will undertake to use reasonable care and diligence in order to prevent and avoid interruptions and fluctuations in the service, but it cannot and does not guarantee that such will not occur.

(b) The Company shall in no event be liable for any damage or inconvenience caused by reason of any break, leak or defect in the Customer's service pipe or fixtures."

In light of the express language of the tariff, referral of the matter to the PUC would not advance the resolution of the present dispute.

I am satisfied that, because the PUC has approved appellee's tariff provision on liability for inadequate water pressure, the Court of Common Pleas of Allegheny County properly assumed jurisdiction over the present controversy. Thus I concur in the vacation of the order of the Superior Court and the remand to that court for the disposition of appellee's remaining claims of error.