**Seibel v. Aetna Casualty and Surety Company**

*Richard C. Angino,* for plaintiffs.

John G. Harkins, Jr., Marjorie E. Greenfield, and Thomas B. Schmidt, III, for Aetna Casualty & Surety Company, Auto Insurance Company of Hartford, Connecticut, General Accident Group, and Hartford Accident & Indemnity Co.

Bernard A. Ryan, Jr., Stephen A. Stack, Jr., Alan H. Silberman, and William T. Barker, for Allstate Insurance Company.

Craig A. Stone, Roger C. Simmons and Roxann E. Henry, for American States Insurance Company, Motorists Insurance Companies, Pennsylvania National Mutual Casualty Insurance Company, State Automobile Mutual Insurance Company, and United States Fidelity & Guaranty Company.

Patrick W. Kittredge, for Employers Insurance of Wausau.

James K. Thomas, for Commercial Union Assurance Company, Donegal Mutual Insurance Company, Nationwide Mutual Insurance Company, Prudential Property and Casualty Insurance Company, Royal-Globe Insurance Company, Shelby Mutual Insurance Company, and Safeco Insurance Companies.

Robert E. Kelly, Jr, Henry T. Reath, for State Farm Mutual Automobile Insurance Company.

Christopher Zettlemoyer, Daniel I. Booker, Anthony J. Basinski, and Robert F. Prorok, for Travelers Insurance Companies.

H. Lee Roussel, Rod J. Pera, Clyde W. McIntyre, and James Schratz, for Fireman's Fund Insurance Companies, Erie Insurance Exchange, and Home Insurance Company.

Alexander Kerr, Patricia H. Burrall, and Carl Anthony Maio, for Harleysville Mutual Insurance Company.

Joseph A. Tate, for Insurance Company of North America.

James R. Clippinger, for Statesman Group.

W. E. Shissler, and D. C. Eaton, for Lumbermens Mutual Casualty Company.

Joseph R. Thompson, for Liberty Mutual Insurance Company.

Walter R. Milbourne, Joseph R. Davidson, and Edward E. Knauss, III, for Keystone Insurance Company and Maryland Casualty Company.

Steven A. Asher, for CNA Insurance Company, Ohio Casualty Insurance Company and General Accident Insurance, for defendant.

MORGAN, *J.*, March 30, 1984—In this class action, plaintiffs allege that defendant companies have wrongly denied work-loss benefits payable on behalf of decedents under policies issued pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act. (Pa. Stat. Ann. Tit. 40. §1009.101 et seq., Purdon's Supp. 1982). We are here considering defendants' preliminary objections.

The only claim asserted in the action is for common law restraint of trade and all that the complaint really says in support of this claim is that defendants agreed on an interpretation of the No-fault Act which limited payment of work-loss benefits to living victims of motor vehicle accidents.

The courts of Pennsylvania have long recognized that agreements in unreasonable restraint of trade are invalid. Schwartz v. Laundry and Linen Supply Drivers U. etc., 339 Pa. 353, 14 A.2d 438 (1940).

Whether statutory or common law, however, the prohibition of trade restraint is concerned with an adverse effect on competition in the market place; it follows that plaintiffs must allege an injury of the type that the law intended to protect. This, the plaintiffs have not done. As stated by The Honorable R. Dixon Herman on this same issue in Grant v. Erie Insurance Exchange, 542 F. Supp. 457, 466 (M.D., Pa., 1982), aff'd. mem. 716 F.2d 890 (3rd Cir. 1983), cert. denied, 52 U.S.L.W. 3342 (U.S., Oct. 31, 1983): "They cannot transform what is basically a claim for violations of the No-fault Motor Vehicle Insurance Act into an anti-trust action merely by alleging a conspiracy between defendants. . . ."

Moreover, in the light of the regulatory powers of the Insurance Department and the provisions of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, 40 P.S. §1171.1 et seq., we conclude that there is no longer a common law right to an initial judicial determination of whether there has been an unreasonable restraint of trade in the business of insurance. Accordingly, we do not have jurisdiction of this matter. See Nazer v. Safeguard Mut. Assur. Co. 293 Pa. Super. 385, 439 A.2d 165 (1981); Very, The Pennsylvania Unfair Insurance Practices Act—The Sleeping Giant, 46 P.B.A. Quarterly; cf. Bell Tel. Co. of Pa. v. Sanner, 248 Pa. Super. 273, 375 A.2d 93 (1977). Whether proceedings in a court of common pleas on issues of liability and damages may follow an administrative decision adverse to a company we need not now decide.

Plaintiffs' arguments that we should interpret the allegations of the complaint as tort claims for fraud and civil conspiracy are so palpably contrived that they merit little discussion. Averments essential to

the substance of these causes and to damages arising therefrom are absent. The most casual reading of the complaint establishes that the only claim that plaintiffs attempted to plead was an anti-trust claim, and that this was their only intention is confirmed by their own subsequent "petition to lift stay and add assumpsit count and consolidate similar cases" filed on June 23, 1982, in which they state that ". . . it should be relatively easy for the court to dispose of all of these cases with *the only issue to be submitted to the jury being the issue of state anti-trust violations.*" (Emphasis added).

Nor will we grant plaintiffs' request to regenerate this artless pleading into a simple contract claim in assumpsit for work-loss benefits. Only eight of the 32 named defendants in this suit had issued a policy to a named plaintiff, and each of those eight is a defendant in a separately docketed class action in assumpsit for contract benefits filed in this court by the same plaintiffs' counsel. Under Nye v. Erie Insurance Exchange, 504 Pa. 3, 470 A.2d 98 (1983), these named plaintiffs would have standing only against their own insurers and thus the effect of granting plaintiffs' request would be a misjoinder of eight separate class actions. Neither relaxed rules of pleading nor necessity require us to construct this litigation hodge-podge.

For the foregoing reasons, we enter the following

## ORDER

And now, March 30, 1984, we sustain defendants' preliminary objections and dismiss the complaint.