## Ominsky v. Bell Telephone Company of Pennsylvania

*Stuart H. Savett and David H. Weinstein,* for plaintiff.

*Thomas Gibson and Margaret H. Hunting,* for defendant.

WILSON, *J.,* June 24, 1985 — This matter comes before the court on a motion for summary judgment by defendant Bell Telephone Company of Pennsylvania.

Plaintiff Albert Ominsky instituted a class-action suit in equity against Bell Telephone Company of

Pennsylvania challenging the legality of defendant's optional inside wire maintenance plan. The plan essentially allows defendant the opportunity to continue to provide inside wire maintenance services to its customers at 50 cents per month. If the customer does not want the monthly service he/she may, with notice to defendant, "opt-out" of service.

Inside telephone wire covered by the optional inside wire maintenance plan is the wire that starts at the house or apartment's wire termination box — the point where the wire enters the home — and runs to and includes the jack or connecting block on the wall or baseboard. Formerly, the cost of maintaining inside telephone wire service was always included in the cost of local service. Now that local service has been separated and itemized, the choice of whether or not a consumer wants the plan is left up to him/her.

In his complaint, plaintiff challenges the negative option marketing method used by Bell Telephone Company of Pennsylvania, which requires the consumer to take affirmative action to exclude himself/herself from the plan if it so desires not to maintain such service. Further, plaintiff contends the negative option which assumes that the customer's silence constitutes acceptance violates basic principles of contract law and precludes the formation of a contract between Bell Telephone Company of Pennsylvania and its customers, thereby causing plaintiff and the class he represents to sustain damages. Plaintiff also contends that the plan violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law. 73 P.S. §201-1 et seq. (1984 Supp.). Plaintiff seeks (1) a refund of all monies paid by members of the purported class; (2) to enjoin the plan's cancellation policy; and (3) the issuance of an injunction directing defendant to utilize

an "opt-in" plan as a condition of providing inside wire maintenance service.

Defendant counters and argues that this court lacks subject matter jurisdiction in that plaintiff's complaint presents issues which fall squarely within the exclusive jurisdiction of the Pennsylvania Public Utility Commission (PUC), that the issues have already been fully and fairly litigated and decided by the PUC, and further the "opt-out" cancellation feature is a service and a court of common pleas lacks judicial power to make such determinations since the PUC has exclusive jurisdiction over the reasonableness and adquacy of defendant's rates, services, and methods and conditions of providing service.

We agree with defendant. Therefore defendant's motion for summary judgment is granted.

Rule 1035(b) of the Pennsylvania Rules of Civil Procedure provides that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It should only be entered in the clearest of cases in which no doubt exists as to the absence of any triable issues of fact. Granthum v. Textile Machine Works, 230 Pa. Super. 199, 326 A.2d 449 (1974). Moreover, the evidence must be viewed in the light most favorable to the nonmoving party and all doubts must be resolved against the moving party. Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1979).

Pennsylvania law is clear on the issue which confronts this court. Namely, where the facts and

pleadings show that the subject matter of a suit is within the exclusive jurisdiction of the PUC, granting summary judgment is the proper disposition. See Bell Telephone Co. v. Uni-Lite, 294 Pa. Super. 89, 439 A.2d 763 (1982). We reject plaintiff's argument that the thrust of his complaint is not an attack on the services defendant provides but on the improper and illegal way in which defendant marketed its wire maintenance plan by perverting the law of contract. This court finds that plaintiff's claims and the damages he seeks are propounded by a subterfuge to convince this court that it has subject matter jurisdiction.

Clearly, "it is well-settled law that initial jurisdiction over matters involving the reasonableness, adequacy or sufficiency of a public utility's service, facilities or rates is vested in the PUC and not in the courts." De Francisco v. Western Pennsylvania Water Co., 291 Pa. Super. 152, 156, 435 A.2d 614, 616 (1981), vacated and remanded on other grounds, 499 Pa. 374, 453 A.2d 595 (1982). See also Bell Telephone Co. v. Uni-Lite, Inc., supra; Allport Water Authority v. Winbourne Water Co., 258 Pa. Super. 555, 559, 393 A.2d 673, 675 (1978).

We also note that pursuant to the Public Utility Code, defendant is duty bound to comply with the terms and orders of the PUC until such time that they are "set aside, annulled or modified on judicial review." 66 Pa.C.S. §316. Moreover, our legislature has provided that the method of obtaining judicial review of a PUC order or regulation is by an appeal to the Commonwealth Court, therefore plaintiff is not left without a forum in which to present his claim.

Accordingly, this court grants defendant's motion for summary judgment.

## 16

### ORDER

And now, this June 24, 1985, upon consideration of the motion of the Bell Telephone Company of Pennsylvania for summary judgment, the exhibits and affidavit attached thereto and memorandum of law in support, and plaintiff's responses thereto, it appearing that all of the issues raised in the complaint are within the exclusive jurisdiction of the Pennsylvania Public Utility Commission, it is hereby ordered that the motion for summary judgment is granted and the above captioned action is dismissed for lack of subject matter jurisdiction.