515 A.2d 1379

Dewayne E. SHREFFLER and Pamela J. Shreffler, His Wife,

v.

GREENVILLE AREA CHAMBER OF COMMERCE, Pymatuning Township and Reynolds Disposal Company

v.

John and Lois M. BRZEZINSKI, Jr., et al.

Appeal of William H. and Karen L. RIGGLE, Appellants at No. 571 Pittsburgh, 1985.

Appeal of REYNOLDS DISPOSAL COMPANY, Appellant at No. 621 Pittsburgh, 1985.

Gerald PLOWMAN and Delores Plowman, His Wife,

v.

REYNOLDS DISPOSAL COMPANY et al.

Appeal of William H. and Karen L. RIGGLE, Appellants at No. 572 Pittsburgh, 1985.

Appeal of REYNOLDS DISPOSAL COMPANY, Appellant at No. 622 Pittsburgh, 1985.

William H. and Karen L. RIGGLE, His Wife, Appellants at No. 573 Pittsburgh, 1985.

v.

REYNOLDS DISPOSAL COMPANY, et al.

Appeal of REYNOLDS DISPOSAL COMPANY, Appellant at No. 620 Pittsburgh, 1985.

Thomas L. MOWRY and Bessie M. Mowry, His Wife,

v.

REYNOLDS DISPOSAL COMPANY,

v.

John and Lois BRZEZINSKI, Jr., et al.

Appeal of William H. and Karen L. RIGGLE, Appellants at No. 574 Pittsburgh, 1985.

Appeal of REYNOLDS DISPOSAL COMPANY, Appellant at No. 619 Pittsburgh, 1985.

Dale L. and Patricia A. JOHNSON,
v.
GREENVILLE AREA CHAMBER OF COMMERCE,
Pymatuning Township and Reynolds Disposal
Company, et al.

Appeal of William H. and Karen L. RIGGLE, Appellants at
No. 575 Pittsburgh, 1985.

Appeal of REYNOLDS DISPOSAL COMPANY, Appellants at
No. 618 Pittsburgh, 1985.

Arthur J. HARVEY and Doris Harvey,
v.
REYNOLDS DISPOSAL COMPANY, et al.

Appeal of William H. and Karen L. RIGGLE, Appellants at
No. 576 Pittsburgh, 1985.

Appeal of REYNOLDS DISPOSAL COMPANY, Appellant at
No. 623 Pittsburgh, 1985.

Superior Court of Pennsylvania.

Argued April 16, 1986.

Filed Sept. 12, 1986.

Reargument Denied Oct. 24, 1986.

Lynette Norton, Pittsburgh, for Riggle, appellants (at 571–576) and appellees (at 618–623).

Cyril T. Garvey, Sharon, for Reynolds, appellant (at 618–623) and appellee (at 571–576).

Charles F. Gilchrest, Sharon, for Sanders, appellees.

Russell L. Schetroma, Meadville, for Brzezinski, appellees.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The consolidated appeals in this case began as six individual suits instituted by six customers of the Appellant Reynolds Disposal Company (hereafter referred to as "Reynolds Disposal"). Such actions involved requests for damages to be assessed against Reynolds Disposal and other Defendants for alleged harm to real estate and personal property from the backup of sewage and flooding into the basements of the Plaintiffs' homes. Reynolds Disposal holds a certificate of convenience as a public utility and provides sanitary sewage disposal through a sanitary sewer system located in the community of Reynolds in Mercer County. *Inter alia,* the Plaintiffs asserted in their Complaints that the sewage system was inadequate.

Reynolds Disposal denied liability and joined fifty-two (52) property owners in the community of Reynolds as Additional Defendants. It alleged that any damage to the Plaintiffs from sewage backup and flooding was the result of overloading of the sewage system by surface and storm waters, and that the Additional Defendants had caused or allowed such waters to enter the system through the construction of

their homes or other buildings on their respective properties.

Because allegations of inadequacy of the sewer system were raised, the lower court initially stayed all proceedings until the Public Utility Commission reached a determination on the adequacy of the system.[1] Various property owners raised the dispute before the Public Utility Commission by the filing of a complaint. After conducting hearings, a Public Utility Commission Administrative Law Judge issued a decision concerning the adequacy of the system. Exceptions were thereafter denied and the Commission ordered Reynolds Disposal to file a plan for ameliorating the problem of surface waters infiltrating into its sanitary sewer system. Both Reynolds Disposal and the homeowners involved in the case appealed this decision to the Commonwealth Court, which affirmed the Commission order in *Reynolds Disposal Co. v. Pennsylvania Public Utility Commission,* 79 Pa.Cmwlth. 222, 468 A.2d 1179 (1983).

When the cases were returned to the Court of Common Pleas, several Plaintiffs filed motions for partial summary judgment, which were denied. Motions for summary judgment by the Additional Defendants also came before the lower court. Upon consideration of various matters of record which will be further discussed herein, the court issued an Order dated March 27, 1985 granting summary judgment in favor of several of the Additional Defendants and denying such relief as to other Additional Defendants. It is from these rulings that the instant appeals are filed by Reynolds Disposal and by William H. Riggle and Karen L. Riggle.[2] The latter were Plaintiffs and also were named as Additional Defendants by Reynolds Disposal in those cases, consolidated on this appeal, in which they were not Plaintiffs.

1. See Section 1501 of the Public Utility Code, 66 Pa.C.S. 1501 and *Bell Telephone Co. of Pa. v. Sanner,* 248 Pa.Super. 273, 375 A.2d 93 (1977).

2. These appeals were originally filed in this Court. Although they were initially transferred to the Commonwealth Court, which had already reviewed the Public Utility Commission aspects of the case, the appeals were subsequently retransferred to this Court.

The sole claim by Reynolds Disposal and by the Riggles on these appeals is that the lower court erred in dismissing any Additional Defendants from the case because such action was based only upon the testimonial affidavits and answers to interrogatories by such parties, in violation of the so-called *"Nanty-Glo"* rule. That rule provides that whenever proof depends solely upon the affidavit testimony of a party, it is the province of the jury to judge credibility and resolve the dispute, and met a proper case for the entry of summary judgment. *Nanty-Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932); see also *Curran v. Philadelphia Newspapers, Inc.*, 497 Pa. 163, 439 A.2d 652 (1981).

We must reject that claim. Reynolds Disposal's claims against the Additional Defendants were based upon allegations that they knew or should have known that they were allowing their storm, surface and ground water to enter and overload the sanitary sewer system.[3] In granting summary judgment to some of the Additional Defendants, the lower court considered not only denials of knowledge of discharges in the answers to admissions, answers to interrogatories, and affidavits of such Additional Defendants, but also the court considered other critical evidence. Reynolds Disposal had submitted a report to the court which was titled "In-Depth Inspection for Inflow" for each of the Additional Defendants whose motions for summary judgment were granted. Such reports showed that none of those Additional Defendants had constructed their drains in such a manner as to allow roof, storm, surface or ground water to enter the sanitary sewer. It is evident that the lower court relied upon such reports and other evidence, in addition to considering the testimony of such Additional Defendants, in reaching its conclusions. The court's deci-

**3.** The lower court denied requests for summary judgment as to Additional Defendants who were established to have known they were discharging such waters into the system, and as to those Additional Defendants who experienced flooding or other circumstances which created an issue as to whether they should have known such discharges might be occurring.

sion was clearly based, in significant part, upon evidence from Reynolds Disposal which was directly contrary to the asserted basis for the Appellant's claims against such Additional Defendants. Thus, we can discern no violation of the *Nanty-Glo* rule in this case.

The lower court specifically recognized the existence and application of the *Nanty-Glo* rule in its consideration of the motions for summary judgment. The excellent and detailed opinions authored by the court also show its thorough analysis of the complex factual details and legal issues presented thus far in this voluminous case.[4]

The Order of the lower court is hereby affirmed, and the case is remanded for further proceedings. Jurisdiction is not retained.

---

**4.** The lower court authored an Opinion and Order dated March 27, 1985, a Memorandum Opinion and Order dated April 24, 1985, which rejected a motion for reconsideration and stay, and an Opinion dated June 20, 1985, pursuant to Pa.R.A.P. 1925.