IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard L. Seech                :
                                    :  No.  1417 C.D. 2017
        v.                :
                                      :  Argued:  October 16, 2018
Gateway School District,      :
              Appellant      :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH[1]                FILED:  November 24, 2020


        Gateway School District (Gateway) appeals from the judgments entered on final orders of the Court of Common Pleas of Allegheny County (trial court) granting Richard Seech's (Seech) post-trial motions for damages and equitable relief. This case presents a procedural issue regarding the impact of the election of remedies doctrine and preclusive language contained in a collective bargaining agreement (CBA). Specifically, we must determine the effect of an employee's election to arbitrate an employment-related grievance where the applicable CBA did not mandate arbitration of the grievance but specified that an election to pursue arbitration precluded the issue from being raised again in any other forum.

---

[1] This matter was reassigned to the author on April 5, 2019.

## Facts and Procedural History

The underlying facts of this case were set forth in this Court's opinion in *Gateway School District v. Gateway Education Association/PSEA/NEA* (Pa. Cmwlth., No. 738 C.D. 2017, filed February 28, 2018) (*Gateway I*), which affirmed an order of the trial court that confirmed an arbitration award in favor of Seech. Pertinent here, in January 2016, Seech's union filed a grievance on his behalf seeking the health care benefits offered to married couples as of his retirement. Significantly, the CBA acknowledged limitations on the situations for which the grievance process was available, as well as the preclusive effect of electing to grieve an issue. The CBA specifically stated in section 3.3,

> **This grievance procedure is not applicable to a situation where the employee has a remedy by way of appeal to the Secretary of Education, where [Gateway] is without authority to take action sought, or to remedy a complaint where the matter complained of is not covered by this Agreement. An election to utilize this procedure *precludes such issue from being raised in any other proceeding*.**

(Reproduced Record (R.R.) at 34a) (emphasis added).

On April 1, 2016, while the grievance was still pending, Seech filed a complaint in the trial court seeking equitable relief and monetary relief based on Gateway's refusal to provide health care coverage as if he were married at the time of his retirement. He also filed a claim with the Equal Employment Opportunity Commission (EEOC) on April 14, 2016, which was cross-filed with the Pennsylvania Human Relations Commission. *See* R.R. at 96a, 110a.

On April 27, 2016, Gateway filed preliminary objections to Seech's complaint, asserting, **"[Seech]'s claims should be dismissed based upon the pendency of a prior action and agreement for alternative dispute resolution."**

(Original Record (O.R.) at Item No. 3, ¶8.)  In its objections, Gateway noted, "[Seech's] grievance requested that [he] be made whole for any and all losses including but not limited to [Gateway] immediately placing [Seech]'s spouse on the health insurance plan in accordance with the Article XXXI of the C[BA], and [Gateway] shall pay [Seech] for the cost of the benefits he/his spouse were deprived of, from the time of his retirement until such time as he was covered, plus six percent interest per annum. . . . **The parties are in the process of pursuing the grievance to arbitration."**  (O.R. at Item No. 3, ¶5.)

In its brief in support of preliminary objections, Gateway further argued that Seech's complaint should be dismissed pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.C.P. No.) 1028(a)(6), which provides, "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . pendency of a prior action or **agreement for alternative dispute resolution**." Gateway specifically emphasized the portion of the CBA which stated, **"<u>An election to utilize this procedure precludes such issue from being raised in any other proceeding</u>."**  (O.R. at Item No. 3) (emphasis in original).  Gateway argued, **"As part of the grievance that was filed, [Seech] is seeking the *identical* relief sought in this lawsuit.  He has *raised the same issues* in the Complaint which were raised in the Grievance that has been filed**." *Id.* (emphasis added).  Thus, Gateway asserted, **"Since the C[BA] sets for[th] the sole mechanism for resolving these disputes[,] [Seech] must first exhaust his remedies under that Agreement. Having not done so, the Complaint should be dismissed."** *Id.*  However, on June 2, 2016, the trial court overruled Gateway's preliminary objections.  (O.R. at Item No. 5.)

3

Meanwhile, Seech's grievance proceeded to arbitration. The issues submitted were described by the arbitrator as follows:

1. Is the grievance timely filed?

2. Is this issue a continuing violation of the CBA?

3. Is [Gateway]'s refusal to grant [Seech and his spouse] retiree medical benefits, *a violation of the CBA and/or relevant state and federal laws*?

*See Gateway I*, R.R. at 7a (emphasis added). On December 20, 2016, the arbitrator issued an award in favor of Seech, stating that he "must be granted the same retiree benefits as other married couples at the District's expense. This would be as if they had elected that same married couple coverage at the time of his retirement. There is **no other** monetary award." *Id.* at 12a (emphasis added).

In May 2017, the trial court confirmed the award, and a three-member panel of this Court upheld the award on appeal *Gateway I*. Specifically, the Court stated,

> Following a hearing at which both parties had the opportunity to present witnesses, testimony, exhibits and conduct cross-examination, the arbitrator rendered the following award: "[Seech] . . . must be granted the same retiree benefits as other married couples at the District's expense. This would be as if they [sic] had elected the same married couple coverage at the time of his retirement. There is no other monetary award."

*Gateway I*, slip op. at 3.

As to Seech's complaint in the trial court, in December 2016, after receiving his right-to-sue letter from the EEOC, Seech amended the complaint to include claims of sex discrimination under state and federal law. After the trial court confirmed the arbitration award, the court held a bench trial on Seech's amended complaint. On June 22, 2017, after Gateway had complied with the confirmed arbitration award and placed Seech's spouse on his health care benefits, the trial court

4

rendered a non-jury verdict in Seech's favor in the amount of $50,000 ($38,654.52 economic damages and $11,345.48 non-economic damages). (R.R. at 121a.)

Gateway filed a motion for post-trial relief in July 2017, asserting, *inter alia*, that the trial court erred in considering issues beyond the scope of the CBA. (R.R. at 223a.) Seech filed a motion for equitable relief, requesting Gateway be ordered to provide spousal health care benefits to Seech's spouse. (R.R. at 134a.) Gateway responded that it was in full compliance with the confirmed arbitration award *and had already placed Seech's spouse on his benefits plan more than a month before the motion was filed*. (R.R. at 240a.) In his reply, Seech acknowledged that Gateway had complied with the award but asserted that "equitable relief" was warranted and not moot because Gateway had appealed the court order confirming the arbitration award and, thus, there was a possibility that order could be reversed on appeal. (R.R. at 259a-60a.) The trial court issued orders denying Gateway's motion for post-trial relief and granting Seech's motions for equitable relief, as well as awarding damages and attorneys' fees.

In its 1925(a) opinion, the court explained its reasoning, stating that "equitable relief" was warranted because Gateway's appeal of the arbitration award left Seech "vulnerable":

> In [Gateway]'s Response to [Seech]'s Motion, it argued that [Seech]'s Motion [for equitable relief] should be denied as moot, as [Gateway] reinstated [Seech]'s spousal health benefits as required by Court Order in a separate proceeding . . . . [Seech] notes, however, that [Gateway] appealed the Order requiring the reinstatement of spousal health benefits, **thus leaving [Seech] vulnerable in the event that [Gateway] is successful on appeal**. . . . **By granting [Seech]'s Motion I was able to grant effective relief. The pendency of [Gateway]'s appeal in the other proceeding deprived [Seech] the certainty of the**

5

> **outcome of that litigation,** [sic] therefore, the Motion was not moot and I committed no error by granting it.

(Trial court op. at 6-7) (emphasis added).

Gateway filed an appeal with this Court,[2] arguing, *inter alia*, the trial court erred in granting equitable relief, despite the fact that Gateway had already complied with the arbitration award and placed Seech's spouse on his retiree health care benefits.[3]

## Discussion

Initially, we must address whether Seech's election of remedies, *i.e.*, his choice to pursue the grievance/arbitration on a particular issue, precluded him from further additional litigation of the same issue.

In *Neshaminy School District v. Neshaminy Federation of Teachers*, we addressed the doctrine of election of remedies:

> This Court has held that where a public employee may pursue either a statutory hearing or a grievance arbitration to challenge discipline, the decision to pursue one constitutes an election of remedies. *Township of Falls v. Whitney*, 730 A.2d 557, 561 (Pa. Cmwlth. 1999). In

---

[2] On review of a non-jury verdict, we are limited to determining whether there is competent evidence to support the trial court's findings and whether the court committed an error of law. *Cogan House Township v. Lenhart*, 197 A.3d 1264, 1267 n.3 (Pa. Cmwlth. 2018). In addition, we must give the same weight and effect on appeal to the court's findings as the verdict of a jury. *Id.* Finally, we must view the evidence in the light most favorable to the verdict winner. *Id.*

[3] Gateway also raised the following issues: whether the trial court erred in (1) holding that Gateway discriminated against Seech on the basis of sexual orientation; (2) awarding economic damages and non-economic damages that were "excessive, beyond any actual losses claimed, and not supported by the credible evidence or testimony of record"; or (3) holding that Seech's claim for attorney's fees was supported by law, reasonable, and reflective of any actual fees claimed. (Gateway's brief at i.) As stated below, we do not reach the merits of these issues because the issue we address is dispositive.

> *Township of Falls*, the employer issued a notice of suspension to a police officer. The notice explained that the officer could pursue either an administrative hearing before the Township's board of supervisors on the suspension or pursue a grievance. He chose the hearing; when it did not go well, he then filed for grievance arbitration. This Court held that the police officer <u>had elected his statutory remedy, and this barred his ability to pursue a grievance</u>.

84 A.3d 391, 400 (Pa. Cmwlth. 2014) (emphasis added). *See also Dewey v. Reynolds Metals Co.*, 429 F.2d 324, 332 (6th Cir. 1970) (holding a suit by employee alleging a Title VII civil rights violation could not be brought in court after the employee's grievance, based on the same civil rights violation, had been finally adjudicated by arbitration), *aff'd by an equally divided court*, 402 U.S. 689 (1971), *superseded by statute*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(j).

Again, focusing on the language of the CBA pertaining to an employee's election to pursue the grievance/arbitration procedure, the language clearly precludes the raising of an issue in another proceeding once there has been an election of remedies:

> This grievance procedure is not applicable to a situation where the employee has a remedy by way of appeal to the Secretary of Education, where [Gateway] is without authority to take action sought, or to remedy a complaint where the matter complained of is not covered by this Agreement. An election to utilize this procedure *precludes such issue from being raised in any other proceeding*.

(R.R. at 34a) (emphasis added). Under these terms, Seech opted to work with his union and invoke his right to arbitrate the issue of whether Gateway violated state or federal law in denying benefits, which he was entitled to do, and prevailed. Nonetheless, Seech continued to pursue relief on the very same issue in the trial court.

7

Importantly, although the CBA did not mandate arbitration of statutory claims, **the CBA stated that the choice to pursue an issue through the arbitration/grievance process would preclude raising the issue in "any other proceeding."** (R.R. at 34a) (emphasis added). The arbitrator's award clearly stated the arbitrator was considering whether Gateway's actions were in violation of state and federal law. Seech then prevailed before the arbitrator and was granted an equitable remedy and compensatory relief consistent with state and federal law. *See Gateway I*, R.R. at 7a ("<u>ISSUES</u>[:] . . . Is [Gateway]'s refusal to grant [Seech and his spouse] retiree medical benefits, *a violation of the CBA and/or relevant state and federal laws*? (second emphasis added)). Thus, it is apparent that Seech, working with his union, invoked his right to arbitrate the issue under the CBA and, after having had "the opportunity to present witnesses, testimony, exhibits and conduct cross-examination," *Gateway I*, slip op. at 3, achieved the relief he sought in an award which, under the terms of the CBA, constituted an election. *See Neshaminy,* 84 A.3d at 400.

Notably, the issue of whether Seech was entitled to monetary relief was likewise before the arbitrator. Indeed, not only did the arbitrator plainly consider equitable and compensatory relief, by directing Gateway to place Seech in the position he would have been if he had elected spousal benefits at retirement, but he also *considered and denied* other "monetary relief." *See* Arbitrator's Award, *Gateway I*, R.R. at 12a (Seech "must be granted the same retiree benefits as other married couples at [Gateway]'s expense. This would be as if they had elected that same married couple coverage at the time of his retirement. There is *no other* monetary award." (emphasis added)).

Thus, while Seech may not have gotten everything he wanted before the arbitrator, *i.e.*, further monetary or compensatory relief, this does not provide a basis for a court to grant further equitable relief or relitigate the same issue. Our Supreme Court has held that even the inability to receive the relief desired in the proper forum does not, in and of itself, grant one the right to pursue relief in court. *See Clark v. Pennsylvania State Police*, 436 A.2d 1383, 1384 (Pa. 1981) (dismissing lawsuit in favor of proceeding before the Board of Arbitration of Claims). Thus, in the instant case, the fact that the arbitrator could have but did not award "damages" does not render the arbitration award inadequate or provide a basis for the lower court to grant damages as "equitable relief." As Judge Learned Hand noted,

> Arbitration may or may not be a desirable substitute for trials in courts; as to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid. They must content themselves with looser approximations to the enforcement of their rights than those that the law accords them, when they resort to its machinery.

*American Almond Products Co. v. Consolidated Pecan Sales Co., Inc.*, 144 F.2d 448, 449 (2d Cir. 1944).

Therefore, when the trial court considered "equitable relief," the overriding question was whether the arbitration included statutory theories of relief and, having elected the grievance/arbitration procedure and having obtained an injunctive remedy consistent with state and federal law (which Gateway already implemented), whether the request to the court for the same relief was moot and did not warrant additional injunctive or equitable relief. In other words, having made an election to pursue arbitration and having succeeded in obtaining the remedy he, with

his union, sought, the question becomes whether Seech's later request for equitable relief and damages based upon Gateway's failure to award benefits had been rendered moot.

The trial court answered in the negative, justifying "equitable relief" duplicative of that *previously granted* reasoning that "[t]he pendency of [Gateway]'s appeal in the other proceeding deprived [Seech] of the certainty of the outcome of that litigation, [sic] therefore, the Motion was not moot and [the court] committed no error by granting it." (Trial court op. at 7.) In so holding, the trial court essentially held that an award (or judgment) is rendered insufficient when it is appealed. Stated otherwise, the trial court effectively held that an available, and obtained, remedy is insufficient whenever it can be appealed and, thus, a successful party in one proceeding is permitted to bring a collateral suit seeking the same relief. In doing so, the trial court contravened both *en banc* decisions of this Court and Supreme Court precedent by ignoring the election of remedies, the successful arbitration, and the resulting mootness of Seech's case in the trial court. *See Clark*, 436 A.2d at 1384; *Neshaminy,* 84 A.3d at 400.

Contrary to the trial court's conclusion, it is clear that the case was, of legal necessity, rendered entirely moot, including for purposes of the "equitable relief" requested, as of December 20, 2016—the date on which the arbitrator awarded Seech equitable relief and compensatory relief in the form of reimbursement such that it would be as if Seech had elected those benefits from the date of his retirement. In doing so, the arbitration award made clear that Gateway was required to reimburse Seech any additional costs he expended as a result of obtaining those benefits elsewhere. *See Gateway I*, R.R. at 12a. Thus, Seech obtained relief, although perhaps not everything he wanted, under the arbitration award and, having elected

10

that remedy and arbitrated those issues that included the application of state and federal law, the resulting arbitration award necessarily rendered moot a subsequent request for relief under the same issue. *See Flesch v. Eastern Pennsylvania Psychiatric Institute*, 472 F. Supp. 798, 799 (E.D. Pa. 1979) (holding "a recent arbitration award had made [the] plaintiff whole, and [] her civil rights action was therefore moot," and dismissing plaintiff's contention that there were "certain other forms of relief that she still ought to obtain").[4]

---

[4] To the extent there is a suggestion that the arbitrator did not have jurisdiction to decide unconstitutional discrimination claims, it is of note that the Supreme Court of the United States has held that arbitrators not only can decide such matters, but in some cases, individuals can be *required* to arbitrate claims for discrimination and violations of any federal law arising out of employment agreements. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) (holding an employer could compel arbitration for claims of discrimination arising under statutes such as the Federal Civil Rights Act, 42 U.S.C. §2000a); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) (holding statutory claims of discrimination can be arbitrated under the Federal Arbitration Act, 9 U.S.C. §§1-307). Further, in *Gilmer v. Interstate/Johnson Lane*, 500 U.S. 20, 26 (1991), the Supreme Court observed that an employee can waive his right to a judicial remedy under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§621-634, in an arbitration agreement. More specifically, the Court held that, in the absence of evidence that arbitration was inconsistent with the ADEA's purpose, employees could be forced to arbitrate if the CBA clearly provided for it. *Gilmer*, 500 U.S. at 23-26. Additionally, the Third Circuit has held that employers and unions, pursuant to a CBA, can agree to submit constitutional right claims to arbitrators and that, once decided, those findings are binding on a reviewing court. *See Dykes v. Southeastern Pennsylvania Transportation Authority*, 68 F.3d 1564, 1568 (3d Cir. 1995) (holding the dispositive issue in the case—whether an employee's constitutional rights were violated, *i.e.*, whether reasonable suspicion existed, when his supervisors asked him to submit to body fluids testing—was one to be conclusively determined in the grievance process and that the finding reached during that process "is binding upon the reviewing court"); *Bolden v. Southeastern Pennsylvania Transportation Authority*, 953 F.2d 807, 825 (3d Cir. 1991) (holding that, while a *grievance settlement* did not collaterally estop an employee's 42 U.S.C. §1983 claim, it was binding upon the employee because a union "may validly consent to terms and conditions of employment, such as submission to drug testing, that implicate employees' Fourth Amendment rights"). Thus, the law makes clear that arbitrators are not only permitted to decide unconstitutional discrimination claims arising from employment, but in many cases arbitration is the only forum for pursuing such claims where a CBA dictates it.

Therefore, not only did Seech elect to pursue the same remedy in two forums, contrary to the terms of the CBA and our case law on election of remedies, but as Gateway points out, Seech's election to pursue relief in arbitration, and the resulting award in his favor, rendered his complaint in the trial court moot. Put simply, in achieving success in the first forum, his request for the same relief in the second forum was rendered moot.

As a final matter, contrary to the Dissent's assertion, one of the first arguments Gateway raised in its preliminary objections and accompanying brief was a request that the case be dismissed because the identical issue was being arbitrated. Both this Court and the Supreme Court have repeatedly held that use or non-use of "magic words" is not dispositive as it relates to legal issues.[5] Instead, Pa.R.A.P. 2116(a) states, in pertinent part, "The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved *or is fairly suggested thereby*."

---

[5] *See, e.g.*, *Commonwealth v. Bennett*, 57 A.3d 1185, 1201 (Pa. 2012) ("[Our case law] does not require 'magic words' by the trial court, so long as the charge, when read in its entirety, appropriately conveys that an accomplice or coconspirator must possess the specific intent to kill in order to be found guilty of first-degree murder."); *Commonwealth v. Saunders*, 602 A.2d 816, 818 (Pa. 1992) ("The review does not focus upon whether certain 'magic words' were included in the [jury] charge. Rather, it is the effect of the charge as a whole that is controlling."); *DeFrancesco v. Western Pennsylvania Water Co.*, 453 A.2d 595, 597 (Pa. 1982) ("We note that, just as the form of an action or the manner in which [it] is titled does not automatically vest jurisdiction in the courts, the mere fact that a party to an action qualifies as a regulated public utility does not divest the courts of original jurisdiction. It is not to magic words, but to the essence of the underlying claims, we look in determining where jurisdiction properly lies."); *Department of Transportation, Bureau of Driver Licensing v. Jones*, 547 A.2d 877, 878 (Pa. Cmwlth. 1988) (The law "requires that the driver be under arrest at the time chemical testing is refused. No magic words are required[.]").

(emphasis added). Here, the issue of election of remedies was fairly comprised in the issues Gateway raised on appeal, if not directly suggested by Gateway throughout these proceedings.

That said, having concluded that the trial court erred in granting Seech the equitable relief he previously sought and obtained under the applicable CBA, we do not reach the merits of Gateway's remaining arguments, including the issue of whether Seech was entitled to those benefits already awarded.

Accordingly, for the foregoing reasons, the orders of the trial court are reversed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard L. Seech              :
                                  :   No.  1417 C.D. 2017
             v.                      :
                                    :
Gateway School District,      :
                Appellant       :

## ***ORDER***

AND NOW, this 24th day of November, 2020, the four final orders of the Court of Common Pleas of Allegheny County, dated September 19, 2017, are hereby reversed.

 

                                    _____
                                    PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard L. Seech                :

                        :

        v.             :    No. 1417 C.D. 2017

                        :    ARGUED: October 16, 2018

Gateway School District,    :

               Appellant    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**DISSENTING OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: November 24, 2020**


I agree with the majority that the terms of the collective bargaining agreement (CBA), as well as the doctrine of election of remedies, should have precluded this civil action. However, I do not believe Gateway has preserved the issue, so I do not believe we can reverse the trial court on this ground. While Gateway's preliminary objections touched on the factual underpinnings of this issue : in support of its claim that the action was barred by the doctrine of prior pending action, nothing fairly comprising this issue has been raised since that early stage of the litigation: neither in Gateway's Statement under Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, nor in its brief to this Court. In those documents, and indeed throughout this litigation, Gateway has argued that Richard Seech's claim for injunctive relief was moot as a result of the arbitration award, and thus that the trial court erred in imposing an injunction awarding the same relief. However, that argument is entirely different from saying that the entire action is barred by the common law doctrine of election of remedies or the election clause in

the CBA. Certainly, at this point, the injunction issue is moot without a doubt, but here the majority reverses the damages awards, to which the doctrine of mootness has no application.

Accordingly, I must respectfully dissent.


_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge