West Middlesex Area School District, Appellant v. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Joseph D. DeLise and West Middlesex Education Association, Appellees.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*P. Raymond Bartholomew, Cusick, Madden, Joyce* and *McKay,* for appellant.

*Mary Teresa Gavigan,* with her, *James L. Crawford,* for appellee, Pennsylvania Labor Relations Board.

*Daniel R. Delaney,* with him, *Catherine C. O'Toole, Delaney* and *Evans,* for appellees, West Middlesex Education Association and Joseph D. DeLise.

*William Fearen,* with him *Michael I. Levin, Cleckner* and *Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE ROGERS, December 17, 1980:

The West Middlesex Area School District has appealed an order of the Court of Common Pleas of Mercer County upholding a finding of the Pennsylvania

Labor Relations Board (PLRB) that the district's refusal to submit a professional employe's grievance to binding arbitration was an unfair labor practice within Section 1201(a)(5) of the Public Employe Relations Act.[1]

The facts are undisputed. Joseph DeLise was employed for thirteen years by the district, most recently as a home school visitor. His responsibilities included coordinating programs involving attendance, pupil guidance and discipline in several schools and acting as a liaison between the school and parents on such matters. In August, 1977 the district's school superintendent, due to declining enrollment and want of money, recommended the elimination of the home school visitor program and the transfer of DeLise to a classroom teaching position. DeLise was notified that action on this recommendation would be taken at a meeting of the school board. He attended that meeting represented by legal counsel and presented evidence supportive of the home school visitor program. At this meeting the school board advised DeLise that it was observing the procedural formalities required by Section 1151 of the Public School Code of 1949,[2] applicable to the demotion of professional employes, adding that it did not consider the proposed transfer to be a demotion. Following the hearing the school board voted to accept the superintendent's recommendation.

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1201 (a)(5). *See Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board*, 30 Pa. Commonwealth Ct. 403, 373 A.2d 1175 (1977).

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1151. Section 1151 provides: "there shall be no demotion of any professional employe either in salary or type of position, except as otherwise provided in this act, without the consent of the employee, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors. . . ."

DeLise filed a grievance under the collective bargaining agreement covering his employment, alleging that the school board's action violated Article XIV of the agreement which provides that "[n]o professional employee shall be disciplined, reduced in rank, or reduced in compensation without just cause." The grievance was duly considered and denied at the first four steps of the procedure on the ground that DeLise's transfer was a proper exercise of the school board's managerial discretion. When DeLise requested arbitration the school board refused to participate, arguing for the first time that DeLise's exclusive remedy was his right to the school board hearing and thence by appeal to the Secretary of Education pursuant to Section 1131 of the School Code, 24 P.S. §11-1131. Alternatively, the district argued that DeLise's participation in the school board hearing was an election of remedies which precluded a later grievance under the contract.

The PLRB rejected the district's arguments, concluding that the district's refusal to arbitrate was an unfair labor practice. The Court of Common Pleas by a thorough and well reasoned opinion of President Judge STRANAHAN, upheld PLRB's action.

The school district's argument that it properly refused to arbitrate because DeLise's only remedy was that provided by the Public School Code of 1949 is without merit. In *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh*, 481 Pa. 66, 391 A.2d 1318 (1978), the City argued that the exclusive remedy available to a discharged employe of the Parks and Recreation Department was by appeal to the Civil Service Commission and that the grievance procedure of a bargaining agreement was unenforceable as conflicting with provisions of the Civil Service Act. The Supreme Court rejected this defense, reasoning that "[t]o permit an employer to enter into agree-

ments and include terms such as grievance arbitration which raise the expectations of those concerned, and then to subsequently refuse to abide by those provisions on the basis of its lack of capacity would invite discord and distrust and create an atmosphere wherein a harmonious relationship would virtually be impossible to maintain." *Id.* at 74, 391 A.2d at 1322; and that "[g]ood faith bargaining would require that questions as to the legality of the proposed terms of a collective bargaining agreement should be resolved by the parties to the agreement at the bargaining stage." *Id.* at 75, 391 A.2d 1322-1323. With particular reference to public school districts, the Supreme Court has held that a school district may agree in a collective bargaining agreement to submit to arbitration the propriety of discharging a non-tenured teacher, and in so deciding rejected the argument that such a provision illegally delegated to an arbitrator powers to remove employes conferred exclusively on the school board by provisions of the Public School Code of 1949. *Board of Education v. Philadelphia Federation of Teachers Local No. 3,* 464 Pa. 92, 346 A.2d 35 (1975). The Public School Code of 1949 is not the exclusive remedy for redressing a personnel action and the collective bargaining agreement could provide another.

The school district next argues that DeLise elected to pursue his remedy under the Public School Code of 1949 and could not later seek grievance and arbitration under the bargaining agreement. First, as Judge STRANAHAN observed, the facts do not establish that DeLise elected the School Code remedy. An election of remedies includes the deliberate and knowing resort to one of two inconsistent paths to relief. *Simpson v. Equitable Life Assurance Society of the United States,* 127 Pa. Superior Ct. 386, 193 A. 309 (1937). DeLise did not ask for a board hearing; the hearing was called by the board and nothing in the circum-

stances of the hearing or DeLise's participation provides any suggestion that either DeLise or the members of the board thought that the hearing mandated by the School Code should have any effect on DeLise's rights under the labor contract. Moreover, DeLise's transfer did not take place until the district acted on the superintendent's recommendation at the close of the board hearing, and DeLise pursued only his contractual remedy after the hearing.

Further, the doctrine of election applies only when the available remedies are inconsistent; and to be inconsistent the remedies in question must be different means of adjudicating the same issues. The remedy provided to a professional employe threatened with demotion by Section 1151 of the Public School Code of 1949, 24 P.S. §11-1151—a hearing before the board and appeal to the Secretary of Education—tests only whether the proposed demotion action is arbitrary or based on improper motives. *Smith v. Darby School District,* 388 Pa. 301, 130 A.2d 661 (1957). So in this case, the school board presented evidence that DeLise's demotion was for reasons of declining enrollment and want of money. The grievance and arbitration procedure provided by the collective bargaining agreement which DeLise sought to invoke on the other hand searches whether the school board's action was for just cause. Just cause in this context requires a finding of inefficiency, delinquency, misconduct or other unfitness personal to the employe and related to his ability to perform the duties of his employment. *Strauss v. Civil Service Commission of Philadelphia,* 40 Pa. Commonwealth Ct. 560, 398 A.2d 1064 (1979). Since the substantive issues under the remedy provided by the bargaining agreement on the one hand and by Section 1151 of the Public School Code of 1949 on the other are different, DeLise's resort to grievance and arbitration after attending the school board's Sec-

tion 1151 hearing was not the pursuit of an inconsistent remedy.[3]

Order affirmed.

ORDER

AND Now, this 17th day of December, 1980, the order of the Court of Common Pleas of Mercer County appealed is affirmed.

[3] In *Pennsylvania Labor Relations Board v. Neshaminy School District*, 43 Pa. Commonwealth Ct. 377, 403 A.2d 1003 (1979), a professional employee pursued his remedy under the Public School Code of 1949 by application for a school board hearing followed by an appeal to the Secretary of Education, whose decision against the employer became final when no appeal was filed. We held that the Secretary of Education's unappealed final order upholding the demotion action was binding on the parties with the result that the school district's appeal from a PLRB order requiring the district to arbitrate the employee's grievance under a "just cause" clause of a collective bargaining agreement had been properly sustained by a court of common pleas. Not only are the facts quite different from those of this case, the dissimilarity of the issue to be decided under the School Code, on the one hand and in arbitration of a just cause provision of the bargaining agreement on the other was not raised or addressed in the Neshaminy School District case.