559 A.2d 974

**ALTOONA AREA VOCATIONAL–TECHNICAL EDUCATION ASSOCIATION and Richard E. Stout, Appellants,**

**v.**

**ALTOONA AREA VOCATIONAL–TECHNICAL SCHOOL, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1989.

Decided May 30, 1989.

Reargument Denied Aug. 3, 1989.

Randall C. Rodkey, Johnstown, for appellants.

Karen L. Steele and Leopold, Eberhardt, Goldstein, Heslop & Steele, Altoona, for appellee.

Before BARRY and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Altoona Area Vocational–Technical Education Association and Richard E. Stout (Appellants) appeal from an order of the Court of Common Pleas of Blair County (trial court) granting the petition to vacate an arbitration award filed by Altoona Area Vocational–Technical School (Appellee). For the reasons set forth below, we affirm.

Richard E. Stout was employed by Appellee as a sheet metal instructor and, during the 1984–1985 school year, was certificated only in that subject area. By letter dated May 17, 1985, Stout was notified by Appellee that because of declining enrollments, Appellee planned to discontinue the sheet metal program for the 1985–1986 school year and, as a result, also planned to suspend Stout effective August 31, 1985.[1] Stout was subsequently advised that although his benefits would continue until August 31, 1985, his suspension would be effective June 13, 1985, the last day of the 1984–1985 school year. On June 24, 1985, Appellee's Operating Committee voted to suspend Stout effective June 13, 1985.

Stout then requested a hearing pursuant to section 553 of the Local Agency Law, 2 Pa. C.S. § 553. A hearing was held on August 26, 1985, at which time Stout informed Appellee that he was in the process of becoming certificated in another area of vocational teaching, but had not yet received official notice of certification. After Stout waived

---

1. Section 1124 of the Public School Code of 1949 (Public School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1124, permits a board of school directors to suspend the necessary number of professional employees because of a substantial decrease in pupil enrollment in the school district.

his right to a written adjudication and requested an immediate decision, Appellee upheld Stout's suspension.

At the September 23, 1985 meeting of Appellee's Operating Committee, Stout requested and was granted a sabbatical leave effective August 26, 1985.[2] Appellee further waived the requirement that Stout return to his employment at the conclusion of his sabbatical.[3]

Stout filed a timely appeal from the suspension decision with the trial court at *Stout v. Altoona Area Vocational–Technical School* (No. 1882 C.P.1985, filed July 18, 1988). In his appeal, Stout contended that pursuant to section 1125.1 of the Public School Code of 1949 (Public School Code), Act of March 10, 1949, P.L. 30, *as amended,* added by section 3 of the Act of November 20, 1979, P.L. 465, *as amended,* 24 P.S. § 11–1125.1, Appellee was required to realign its professional staff in light of his seniority and anticipated certification.[4] Stout also filed a motion for an evidentiary hearing in order to present additional evidence, namely, the official certification which he received subsequent to the local agency hearing. The trial court declined to take additional evidence and affirmed Stout's suspension. By order dated June 27, 1988,[5] the trial court concluded that Appellee was entitled to rely on Stout's certification as of the effective date of suspension when making a determina-

---

**2.** Pursuant to section 1166 of the Public School Code, 24 P.S. § 11–1166, any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employee shall be entitled to a leave of absence for a half or full school term or for two half school terms during a period of two years, at the option of the employee.

**3.** *See* Section 1168 of the Public School Code, 24 P.S. § 11–1168.

**4.** Section 1125.1 of the Public School Code, 24 P.S. § 11–1125.1, provides that professional employees suspended under section 1124 shall be suspended in inverse order of seniority. Approved leaves of absence shall not constitute a break in service for purposes of calculating seniority. Section 1125.1(c) requires a school entity to realign its professional staff so as to ensure that more senior employees are given an opportunity to fill positions for which they are certificated and which are being filled by less senior employees. 24 P.S. § 11–1125.1(c).

**5.** Although the trial court's order was dated June 27, 1988, the docket entries reflect a filing date of July 18, 1988.

tion as to realignment of the professional staff. The trial court determined that because Stout was certificated only in sheet metal on the effective date of his suspension, Appellee was not required to realign its staff to provide him with another position for which he might be certificated in the future. Although Stout appealed the trial court's affirmance of his suspension to this court, he later withdrew that appeal. *See* Appellants' brief at 5.

While Stout's appeal from the local agency decision was progressing through the trial court, Appellants filed a grievance on April 21, 1986, contesting Stout's suspension and Appellee's refusal to realign its professional staff for the 1986–1987 school year. A hearing was held before an arbitrator on August 6, 1986, at which time Appellants asserted that Appellee had violated the collective bargaining agreement, to which Appellants and Appellee were parties, by failing to employ Stout in a position for which he had become certificated. The arbitrator determined that: (1) the issues of the propriety of the suspension and duty to realign were arbitrable under the terms of the parties' collective bargaining agreement; (2) that Stout was not precluded by his local agency appeal from proceeding to grievance arbitration; and (3) that Appellee improperly suspended Stout because the sabbatical leave granted to Stout effectively extended his employment through the end of the 1985–1986 school year. Accordingly, the arbitrator sustained the grievance and ordered Appellee to consider realignment of its professional staff for the 1986–1987 school year.

Appellee thereafter filed a petition to vacate the arbitrator's award with the trial court at *Altoona Area Vocational–Technical School v. Altoona Area Vocational–Technical Education Association* (No. 1765 C.P.1986, filed July 18, 1988). By order dated June 27, 1988 and filed July 18, 1988, the trial court granted Appellee's petition to vacate the award of the arbitrator. The trial court determined that Stout elected to proceed under the provisions of the Local Agency Law and, therefore, could not also utilize the

grievance arbitration procedure in the parties' collective bargaining agreement.

On appeal to this court,[6] Appellants contend that the trial court erred in determining that Stout was barred from pursuing grievance arbitration because he had already requested and received a local agency hearing.[7] Further, Appellants assert that the arbitrator's award drew its essence from the terms of the collective bargaining agreement and, therefore, should have been upheld by the trial court.

In this case, Appellants contend that the grievance was not barred by the doctrine of election of remedies, asserting that factual and legal differences existed between the local agency hearing and the grievance arbitration proceedings. Appellants argue that subsequent to the local agency hearing, Stout requested and was granted a sabbatical, during which time he became certificated to teach in another subject area. Further, Appellants contend that the grievance sought realignment for the 1986–1987 school year, while the local agency adjudication addressed the issue of realignment for the 1985–1986 school year.

The arbitrator determined that the remedies of the local agency hearing and grievance arbitration were both available to Stout, holding that section 1133 of the Public School Code, 24 P.S. § 11–1133, was inapplicable to suspensions. Additionally, the arbitrator noted that Stout became certifi-

6. Our scope of review of an arbitrator's decision is limited and the decision will not be overturned if it draws its essence from the collective bargaining agreement. *Upper Merion Area School District v. Upper Merion Area Education Association,* —— Pa. Commonwealth Ct. ——, 555 A.2d 292 (1989). The essence test requires a determination of whether the terms of the collective bargaining agreement encompass the subject matter of the dispute. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). However, an arbitrator's award may be vacated by a reviewing court where the arbitrator has exceeded his powers. 42 Pa. C.S. § 7314.

7. Appellants also contend that the grievance concerning Stout's suspension and Appellee's duty to realign its staff is arbitrable under the collective bargaining agreement. However, because Appellee concedes in its brief that the grievance would otherwise be arbitrable had Stout not chosen to receive a local agency hearing, we need not address this argument further.

cated in another subject after the local agency hearing. Finally, the arbitrator concluded that the local agency hearing conducted by Appellee was "repugnant to a reasonable and informed decision being made by the same body which has already unilaterally and previously decided its position." Arbitrator's Award at 5–6.

■ In vacating the arbitrator's award, the trial court determined that the doctrine of election of remedies operated as a bar to the grievance arbitration. We agree. This court has held that an "[e]lection of remedies includes the deliberate and knowing resort to one of two inconsistent paths to relief." *West Middlesex Area School District v. Pennsylvania Labor Relations Board,* 55 Pa. Commonwealth Ct. 404, 408, 423 A.2d 781, 783 (1980). "Further, the doctrine of election applies only when the available remedies are inconsistent; and to be inconsistent the remedies in question must be different means of adjudicating the same issues." *Id.,* 55 Pa.Commonwealth Ct. at 409, 423 A.2d at 783–784.

In *West Middlesex,* this court determined that a demoted teacher was not barred by the doctrine of election of remedies from filing a grievance and proceeding to arbitration under a collective bargaining agreement, even though a local agency hearing had been held. However, in *West Middlesex,* the demoted teacher had not requested the local agency hearing. Further, this court recognized that the substantive issues in the respective proceedings were dissimilar. The local agency hearing addressed the issue of whether the demotion was arbitrary or based upon an improper motive. In contrast, the arbitration hearing addressed the issue of whether the school board's action was for just cause, the standard established by the parties' contract.

In this case, the trial court correctly noted that the substantive law as well as the issues raised were the same in both proceedings. Appellants challenged, by means of grievance arbitration, the issues of the propriety of Stout's suspension and the extent of Appellee's obligation to rea-

lign its professional staff under section 1125.1 of the Public School Code, 24 P.S. § 11–1125.1. These issues, except for the school years involved, are the same as those raised in the local agency hearing and subsequent appeal to the trial court.[8]

Further, we note that although section 1133 of the Public School Code, 24 P.S. § 11–1133, is directed primarily to the issue of termination, rather than suspension, of a professional employee, this section specifically provides that "[p]rofessional employes shall have the right to file a grievance under the collective bargaining agreement or request a hearing pursuant to section 1121 *through* 1132 [of the Public School Code], but not both." (Emphasis added). Section 1133 of the Public School Code, 24 P.S. § 11–1133, was added by section 4 of the Act of June 29, 1984, P.L. 438 and was made retroactive to January 1, 1983 by section 10(a) of the Act of June 29, 1984, P.L. 438. Section 1125.1 of the Public School Code, 24 P.S. § 11–1125.1, was added by section 3 of the Act of November 20, 1979, P.L. 465.[9] Thus, since section 1133 was enacted subsequent to the passage of section 1125.1, we conclude that the arbitrator's award violates section 1133 of the Public School Code, 24 P.S. § 11–1133, by permitting a professional employee to select two different paths of review of the same issues, namely, suspension and a school district's duty to realign its professional staff.

8. We are mindful that Appellants sought realignment for the 1986–1987 school year in the grievance arbitration proceedings, whereas Stout's local agency appeal concerned the 1985–1986 school year. However, Appellants have neither alleged that the reason for Stout's suspension no longer exists nor that Appellee has violated section 1125.1(d)(2) of the Public School Code, 24 P.S. § 11–1125.1(d)(2). Section 1125.1(d)(2) requires that suspended professional employees be reinstated on the basis of seniority and further prohibits a school district from making a new appointment while there is a suspended or demoted professional employee available who is properly certificated to fill such vacancy.

9. Section 1125.1(e) of the Public School Code, 24 P.S. § 11–1125.1(e), states that nothing contained in subsections (a)–(d) shall be construed to supersede or preempt any provision in a collective bargaining agreement. Section 1125.1(f) provides that a decision to suspend constitutes an adjudication under the Local Agency Law. 24 P.S. § 11–1125.1(f).

Because the trial court properly determined that Appellants' grievance was barred by the doctrine of election of remedies, the trial court did not err in vacating the award.

Accordingly, we affirm.

## ORDER

AND NOW, May 30, 1989, the order of the Court of Common Pleas of Blair County in the above-captioned matter is affirmed.