TOWNSHIP OF FALLS, Appellant,

v.

**Nelson A. WHITNEY, II, as a member of the Police Association of Falls Township.**

Commonwealth Court of Pennsylvania.

Argued March 9, 1999.

Decided May 14, 1999.

Kevin L. Hand, Newton, for appellant.

James L. McAney, Harrisburg, for appellee.

Before KELLEY, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

The Township of Falls (Township) appeals from the April 3, 1998 order of the Court of Common Pleas of Bucks County (trial court) that vacated a stay of arbitration and directed that the grievance of Nelson Whitney, a Township police officer, proceed to arbitration on the merits of the grievance despite Whitney's pending appeal of the Township's disciplinary action pursuant to what is commonly referred to as the Police Tenure Act, Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§ 811–816. For the reasons that follow, we reverse the trial court's April 3, 1998 order.

Whitney is a police officer employed by the Township. On January 4, 1995, while on duty, Whitney, a patrolman, was involved in a traffic accident, i.e., a collision at an intersection, in which the other driver was killed. Whitney was subsequently found guilty by a district justice of driving at an unsafe speed, a violation of Section 3361 of the Vehicle Code, 75 Pa.C.S. § 3361.

In a February 1, 1995 memorandum, Lt. C. Schaffner, Acting Chief, advised Whitney of the disciplinary action he faced as a result of the accident:

Regarding the internal discipline we discussed on January 30, 1995, I have reviewed the investigation and find you have violated two policies. The first is Policy # 202 which governs the operation of the police vehicle. The second is Policy # 105 specifically Section 103.465 for damage to police equipment through negligence or action and Section 103.590 for failing to adhere to department policies, rules or regulations.

The penalty for violation of Policy 105 Section 103.465 is reprimand to 5 day suspension or restitution. The penalty for violating Policy 105 Section 103.590 is reprimand to 5 day suspension. Contrary to our discussion on January 30, 1995, I am not going to require restitution as a part of this disciplinary action. Instead I am suspending you for 5 days for violation of Policy # 105 Section 103.590 for failing to adhere to departmental policies, rules or regulations, in that you were traveling at or above 65 mph in a 40 mph zone in violation of Policy # 202 Section I Subsection 1. I am also suspending you for an additional 5 days for violation of Policy 105 Section 103.465 for damaging police department property as a result of negligence or action on your part. The end results of this action are the same as we discussed even though there has been a minor change in the mechanics of the action. If you are willing to accept this action, please let me know and as we discussed

earlier, we can work out the terms of the implementation of this action. *If you are unwilling to accept this action, please advise me which course you would like to follow, grievance or tenure act hearing.*

(Township's Brief, Ex. A) (emphasis added).

In a February 9, 1995 memorandum to Lt. Schaffner, Whitney replied: "I have received your memorandum dated 1 Feb 95 regarding discipline in this matter. *I would like to appeal this action with a tenure act hearing.* Please let me know when such a hearing can be scheduled." (Township's Brief, Ex. B) (emphasis added).

On April 12, 1995, the Township Manager advised Whitney by memorandum that the 10–day suspension offer was being withdrawn; that the maximum suspension permitted under the Police Tenure Act is one year; and that if suspended, Whitney had a right under said Act to appeal to the trial court. On June 2, 1995, the Township issued formal charges against Whitney as required by Section 2 of the Police Tenure Act, 53 P.S. § 812. Whitney was charged with conduct unbecoming an officer and neglect or violation of an official duty.

A Police Tenure Act hearing was conducted before the Township's Board of Supervisors (Board) on October 26, 1995 and November 8, 1995 at which both parties, who were represented by counsel, presented evidence. At the close of the hearing, both parties submitted proposed findings of fact and conclusions of law. On December 14, 1995, the Board issued a decision ruling that Whitney's conduct in driving in excess of 25 miles per hour over the speed limit fell within the statutory grounds for disciplinary action under Section 2 of the Police Tenure Act, 53 P.S.

§ 812, in that it constituted neglect, violated an official duty and constituted conduct unbecoming an officer. Consequently, the Board ordered that Whitney be suspended without pay for one year, effective January 1, 1996.

On January 16, 1996, pursuant to the terms of the Police Tenure Act, Whitney filed a statutory appeal of the Board's decision. On August 23, 1996, the trial court heard oral argument regarding the appeal. The trial court's decision on the merits is still pending.

However, on December 21, 1995, Whitney filed a grievance through the Police Association of Falls Township under the terms of the collective bargaining agreement (CBA) between the Association and the Township. On April 2, 1997, a preliminary arbitration hearing was held at which two jurisdictional issues were presented, i.e., whether Whitney's request for arbitration is a nullity pursuant to the doctrine of election of remedies; and if not, whether the Township's response to Whitney's request was untimely.

On May 9, 1997, the arbitrator issued a decision concluding that the arbitration was not a nullity under the doctrine of election of remedies and that the Township's response was not untimely. Specifically, the arbitrator concluded that Whitney did not "deliberately and knowingly" choose to proceed under the Police Tenure Act rather than by means of the grievance procedure under the CBA. As a result, an arbitration on the merits of the Township's disciplinary action was scheduled for October 23, 1997.

In response, the Township appealed the arbitrator's award and filed a motion for injunctive relief and/or stay of the arbitration.[1] On October 15, 1997, the trial court

---

1. Whitney argues that the arbitrator's determination of arbitrability was a non-appealable interlocutory order. Whitney raised this issue before the trial court, which determined that the case involved a legal issue of first impression; judicial economy would be served if the

merits of the case were resolved on appeal. The trial court therefore rejected Whitney's argument that the order was interlocutory and not appealable. *See* Trial Court's Opinion, p. 4. As the trial court aptly noted, if the appellate courts determine that Whitney made

granted a temporary stay of the arbitration pending a hearing on the merits of the Township's request for relief. A conference was held and both parties submitted legal memoranda to the trial court. On April 3, 1998, the trial court entered an order vacating the stay of arbitration and, therefore, permitting the arbitration to proceed.

The Township appealed the trial court's April 3, 1998 order to this Court.[2] On July 2, 1998, the trial court issued an opinion contrary to its April 3, 1998 order:

> In retrospect, were we to reconsider the question, we believe the important question is one of full and fair hearing, and upon notification that discipline is being considered the police officer *then* makes his election as to which procedure he believes will afford him the most protection of his rights: (1) The Police Tenure Act proceeding with the broad appeal rights to the Court of Common Pleas; or (2) The collective bargaining grievance procedure proceeding with very limited appeal opportunities. Accordingly we would now conclude, contrary to our Order of April 3, 1998, that

Officer Whitney elected the Police Tenure Act proceeding at the outset, had a full, fair and complete hearing of the disciplinary question under that Act and is bound by the decision resulting therefrom and limited to the appeal rights provided therein. We do not believe that because he is unhappy with the results of his first choice he should now have a second "bite at the apple" in another forum. Nevertheless, this question now abides appellant court guidance.[3]

Trial Court's Opinion, p. 5 (emphasis in original).

Consequently, we must determine whether the trial court's conclusion in its April 3, 1988 order, that Whitney had first elected the grievance procedure, is incorrect and unsupported by substantial evidence, or in the alternative, whether the trial court's determination in its July 2, 1998 opinion, that Whitney chose the Police Tenure Act proceeding, is in accordance with the law and supported by substantial evidence.[4]

In *Altoona Area Vocational–Technical Educ. Ass'n v. Altoona Area Vocational–*

---

his election to proceed under the Police Tenure Act rather than arbitration, the arbitration proceeding would be a complete nullity and any further arbitration proceedings would be superfluous and meaningless. *Id.* Hence, the trial court reasoned that the issue in the case requires appellate court guidance. Pursuant to Pa. R.A.P. 341(c), a trial court may enter a final appealable order as to one claim upon an express determination that an immediate appeal would facilitate resolution of the entire case. We believe that such is essentially the case here where the trial court requests that we determine whether Whitney made his election to proceed under the Police Tenure Act when he was first notified that he was to be disciplined. Consequently, we conclude that the trial court's order is properly appealable.

2. Whitney argues that an automatic supersedeas under Pa. R.A.P. 1736(b) should not have been entered because it comes within the exception to the automatic supersedeas rule involving cases where a common pleas court has affirmed an arbitration award in a grievance or similar personnel matter. How-

ever, as noted above, the trial court in its July 2, 1998 opinion reversed its position and concluded that Whitney had elected to proceed under the Police Tenure Act, had a full fair and complete hearing under that Act and was therefore limited to an appeal under that Act. In view of the trial court's reversal of its conclusion in its April 3, 1998 order, we believe that an automatic supersedeas under Pa. R.A.P. 1736(b) is proper. In fact, this Court has already denied a motion by Whitney to vacate the automatic supersedeas.

3. Whitney served his one-year suspension, without pay, and was thereafter reinstated. However, as noted by the trial court, an issue remains, depending in part upon the outcome of this appeal, as to whether Whitney is entitled to pay for that year. *See* Trial Court's Opinion, p. 2. As a result, we do not believe that this case is moot.

4. We reject Whitney's contention that the Court is limited to a narrow certiorari or "essence test" scope of review. We are not reviewing the arbitrator's determination.

*Technical School,* 126 Pa.Cmwlth. 318, 559 A.2d 974 (1989), *petition for allowance of appeal denied,* 525 Pa. 604, 575 A.2d 569 (1990), the Court affirmed a trial court's decision vacating an arbitration award based on the doctrine of election of remedies. In *Altoona,* the Court stated:

> In vacating the arbitrator's award, the trial court determined that the doctrine of election of remedies operated as a bar to the grievance arbitration. We agree. This court has held that an "[e]lection of remedies includes the deliberate and knowing resort to one of two inconsistent paths to relief." *West Middlesex Area School District v. Pennsylvania Labor Relations Board,* [55 Pa.Cmwlth. 404, 423 A.2d 781, 783 (Pa.Cmwlth. 1980) ]. "Further, the doctrine of election of remedies applies only when the available remedies are inconsistent; and to be inconsistent the remedies in question must be different means of adjudicating the same issues." *Id.,* [423 A.2d at 783–784].

*Altoona,* 559 A.2d at 976–977.

■ We believe that the doctrine of election of remedies is applicable to the instant case where the two remedies that were available to Whitney, a proceeding under the Police Tenure Act and a collective bargaining grievance procedure, are two different means of adjudicating the same issue, i.e., whether Whitney should be subject to internal disciplinary action by the Township as a result of his role in the January 4, 1995 fatal motor vehicle accident.

In the Township's February 1, 1995 memorandum, Whitney was asked to choose either a Police Tenure Act hearing **or** grievance arbitration. Whitney, in his February 5, 1995 memorandum in response, clearly chose a Police Tenure Act hearing. As a result of Whitney's choice, the Township Manager notified Whitney that the offer of the 10–day suspension was withdrawn, that under the Police Tenure Act, Whitney could face a maximum suspension of one year, and that under the

Act, Whitney had the right to appeal to the trial court. The Township Manager then proceeded to file formal charges as required by Section 2 of the Police Tenure Act, 53 P.S. § 812, which alleged that Whitney had engaged in conduct unbecoming an officer and that he had neglected or violated an official duty.

■ There is no evidence of record to indicate that Whitney did not knowingly or deliberately chose to proceed under the Police Tenure Act rather than by means of grievance arbitration. As a result, in accordance with *Altoona Area Vocational–Technical Educ. Ass'n,* we conclude that when he was informed that he was subject to internal discipline, and asked to choose between the Police Tenure Act and grievance arbitration, two possibly inconsistent paths, Whitney deliberately and knowingly elected to proceed under the Police Tenure Act. Furthermore, as the trial court noted, Whitney, while represented by counsel throughout the Police Tenure Act proceedings, had a full, fair and complete hearing under that Act:

> Formal hearings were conducted before the Board of Supervisors of Falls Township, as provided under the Police Tenure Act, on October 26, 1995 and November 8, 1995. Both the township and Officer Whitney were represented by counsel, had the full and complete opportunity to present evidence, examine and cross-examine all witnesses and argue their respective positions before the Board of Supervisors. At the conclusion of the hearing each party submitted proposed findings of fact and conclusions of law.
>
> On December 14, 1995, the Falls Township Board of Supervisors, pursuant to the Police Tenure Act, rendered its opinion and imposed a one year suspension on Officer Whitney, without pay, effective January 1, 1996. . . .

Trial Court's Opinion, p. 2.

It was not until December 21, 1995, after Whitney had received the one-year

suspension, that he decided to pursue the grievance procedure. Even after deciding to pursue grievance arbitration, Whitney did not abandon the Police Tenure Act proceeding. On January 16, 1996, several months before the preliminary arbitration hearing was held, Whitney appealed the Board's decision to the trial court in accordance with Section 5 of the Police Tenure Act, 53 P.S. § 815.

In view of the foregoing, we conclude that Whitney is barred by the doctrine of election of remedies from subsequently choosing grievance arbitration of the disciplinary action. *Altoona Area Vocational–Technical Educ. Ass'n v. Altoona Area Vocational–Technical School.* Consequently, Whitney has waived his right to grievance arbitration regarding the Township's disciplinary action against him and, therefore, the arbitrator's May 9, 1997 award is a nullity.

Accordingly, we agree with the trial court's conclusion in its July 2, 1998 opinion that Whitney is limited in the case *sub judice* to pursuing his appeal under the Police Tenure Act and, therefore, we reverse its April 3, 1998 order vacating the stay of arbitration in this matter.

### ORDER

AND NOW, this 14th day of May, 1999, the April 3, 1998 order of the Court of Common Pleas of Bucks County vacating its stay of arbitration is hereby reversed.