**NESHAMINY SCHOOL DISTRICT,**
Appellant

v.

**NESHAMINY FEDERATION OF TEACHERS.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2013.
Decided Jan. 9, 2014.

Richard B. Galtman, New Britain, for appellant.

Marc L. Gelman, Philadelphia, for appellee.

BEFORE: PELLEGRINI, President Judge, McGINLEY, Judge, SIMPSON, Judge, LEAVITT, Judge, BROBSON, Judge, McCULLOUGH, Judge, and COVEY, Judge.

OPINION Judge LEAVITT.

The Neshaminy School District appeals an order of the Court of Common Pleas of Bucks County denying its petition to vacate a grievance arbitration award that reinstated a discharged teacher to her former position. In doing so, the trial court held that the teacher had not waived her right to grieve her dismissal under the collective bargaining agreement between the School District and the Neshaminy Federation of Teachers (Union) even though she appeared at a hearing before the Board of School Directors. The trial court found that the teacher attended the Board hearing because she had been misled by the School District's notice stating that she would "lose" all her contractual and constitutional rights if she did not request a hearing from the School Board. The trial court accepted the Union's explanation that the teacher had always intended to pursue a grievance before an arbitrator as the way to challenge her dismissal. The School District contends that the teacher's attendance at the School Board hearing, regardless of her reasons, deprived the arbitrator of jurisdiction. We agree and, thus, reverse the trial court.

### Background

The School District employed Tara Buske as a Family and Consumer Science teacher at Maple Point Middle School. On December 7, 2010, Buske was arrested at K–Mart on charges of retail theft and receiving stolen property valued at $381.99. The School District learned of her arrest when it was reported in the *Bucks County Courier Times.* By letter of December 16, 2010, the School District instructed Buske to provide "a written determination by the Court" when the criminal charges were resolved. Reproduced Record at 99a (R.R.——).

Buske attended court hearings on the criminal charges on three occasions: January 25, 2011, February 15, 2011, and March 18, 2011. Using the School District's online reporting system, Buske logged herself off as "sick" for each of those three days. The criminal charges were resolved by agreement. The Commonwealth dropped the charge of receiving stolen property and agreed to resolve the retail theft charge with Accelerated Rehabilitative Disposition (ARD). Buske did not inform the School District that she had attended the three hearings or how the criminal charges were resolved. Buske continued teaching through the end of the 2010–2011 school year.

When the School District learned of what had happened, it concluded that Buske's conduct constituted "immorality" under the Public School Code of 1949.[1] Accordingly, the School District decided to seek Buske's dismissal.

On July 8, 2011, the School District sent Buske a notice that read, in its entirety, as follows:

*STATEMENT OF CHARGES AND NOTICE OF HEARING*

Dear Ms. Buske:

You are hereby notified that pursuant to Article XI of the Public School Code of 1949, as amended, and more particularly, sections 1122, 1126, 1127, 1128, 1129, 1130 and 1133 thereof, the Board of School Directors of the Neshaminy School District [will meet] on July 28, 2011, beginning at 7 p.m. in the District Offices Board Room for the purpose of determining whether you should be dismissed from your employment with the school district.

You are being charged by the school district administration with the immoral-

---

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

ity as contemplated by the School Code of 1949, as amended, growing out of your alleged commission of the following:

Arrest for retail theft and receiving stolen property; being placed on ARD for retail theft; and misuse and misreporting of sick leave.

In addition, the evidence as to your disciplinary record may be presented at the hearing and considered by the Board.

Please be advised that you have the following rights if you choose a school board hearing:

(1) The right to be represented by counsel;

(2) The right to hear the witnesses and evidence against you and to cross-examine said witnesses;

(3) The right to present witnesses and evidence on your own behalf and to testify on your own behalf;

(4) The right to present evidence as to whether discharge or some lesser personnel action is appropriate under the circumstances;

(5) The right to have your choice of either a public or a private hearing; and

(6) All other rights guaranteed to you by the Constitution and applicable law.

If you have any questions, feel free to contact or have your attorney contact Richard Galtman, Esquire of Sweet, Stevens, Katz and Williams, 331 E. Butler Avenue, New Britain, PA 18901(215) 348–5862, who will be representing the administration in the presentation of this case.

Pursuant to the express terms of your professional employee contract and section 1121 of the School Code, 24 P.S.

§ 11–1121, your right to the hearing described herein is conditional upon your written request for the hearing within 10 days after your receipt of this notice. If you desire a hearing, your written request for a hearing must be delivered to the Superintendent's Office located at Maple Point Middle School, 2250 Langhorne Yardley Road, Langhorne, PA 19047. Your failure to request the hearing will constitute a waiver of your statutory, contractual and constitutional rights and you will be discharged from employment without any hearing. IF YOU CONTEST YOUR DISMISSAL, YOU MUST ASK FOR A HEARING OR YOU WILL LOSE ALL OF YOUR RIGHTS, and the hearing as described above will be cancelled.

R.R. 56a–57a (emphasis in original). The letter came from "the Neshaminy School District" and was signed by "Ritchie Webb, President" and attested by the Board Secretary. *Id.*

Buske, with counsel, attended the School Board hearing on July 28, 2011, but she did not present evidence. Several days later, on August 4, 2011, Buske's counsel wrote to counsel for the School District and the School Board, explaining that Buske did not consider the July 28, 2011, School Board proceeding to be a hearing governed by Section 1127 of the Public School Code.[2] The letter further advised that if the School Board did not agree with that understanding, then it should consider the letter a request to discontinue the Board proceeding; the letter explained that it was the Union's intention to pursue a grievance on behalf of Buske. The School District's counsel responded that it was a Section 1127 hearing and that the Union had waived its right to pursue a grievance. The School Board's counsel re-

2. The text of Section 1127 is set forth *infra.*

sponded by directing Buske and the School District to brief the issue.

On August 23, 2011, the School Board voted to terminate Buske's employment for immorality. The School Board informed Buske of its decision and instructed her that she could challenge its action by appealing to the Secretary of Education. Buske so appealed, stating therein that the appeal had been filed to protect her right to pursue a grievance of her dismissal. Her appeal did not challenge the merits of the School Board's decision but, rather, the procedures used to reach that decision. In particular, Buske challenged the School District's hearing notice as insufficiently detailed in the charges and generally confusing.

On September 1, 2011, the Union filed a grievance on Buske's behalf under the collective bargaining agreement between the Union and the School District. The School District moved to dismiss the grievance, arguing that Buske had waived her right to grieve her dismissal by attending the July 28, 2011, hearing before the School Board. On March 8, 2012, the arbitrator denied the School District's motion to dismiss. Noting that the law did not establish the manner by which a teacher facing dismissal makes a "knowing and deliberate" election of remedies, the arbitrator declined to "deny [Buske] her collectively bargained for right to an arbitration hearing." R.R. 237a. Stated otherwise, the arbitrator concluded that Buske's passive attendance at the School Board hearing did not, in itself, manifest a waiver of her right to grieve her dismissal under the collective bargaining agreement.

The arbitrator then conducted a hearing to determine whether the School District had just cause to discharge Buske. On May 23, 2012, the arbitrator issued an award sustaining in part and denying in part Buske's grievance. The arbitrator concluded that the School District lacked just cause to discharge Buske because the criminal charges had been resolved and her record expunged. On the other hand, the arbitrator found that Buske had improperly concealed her court appearances and failed to follow her employer's instruction to report that her criminal charges had been resolved with ARD. The arbitrator concluded that this conduct constituted "serious professional misconduct" and just cause for a "lengthy suspension" without pay for one year. R.R. 256a, 260a. The arbitrator ordered the School District to reinstate Buske to her former position as of the first day of the 2012–2013 school year, provided that Buske presented proof that the criminal court had, in fact, expunged her record.

On September 12, 2012, four months after Buske had been reinstated by the arbitrator, the Secretary of Education issued an adjudication upholding the School Board's dismissal of Buske.[3] The Secretary rejected Buske's challenge to the School District's hearing notice. He held that the School District's hearing notice contained the information required by statute and that the statement of charges was sufficiently detailed. Because Buske did not assert before the School Board that

---

3. At the October 26, 2011, oral argument before the Secretary of Education, Buske argued that the School District had violated her due process rights. First, its Notice of Hearing did not contain a detailed statement of charges. Second, the School Board did not clarify that its hearing of July 28, 2011, was being conducted under Section 1127 of the Public School Code and was not a pre-termination hearing required under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Buske argued that she attended the School Board hearing to preserve her right to pursue a grievance, not to waive it.

she had been confused by the hearing notice, the Secretary held the issue had not been preserved and, thus, declined to address it. Buske did not appeal the Secretary's adjudication.

On September 21, 2012, the School District petitioned to vacate the arbitration award. The trial court denied the petition. In its PA. R.A.P. 1925(a) opinion, the trial court held that the arbitrator had properly asserted jurisdiction. The trial court specifically found that the School District's hearing notice was misleading because it stated that Buske would waive her "contractual rights" if she did not appear for the School Board hearing, and this was not accurate. Because Buske's attendance at the School Board hearing was the result of misleading information, it did not constitute a knowing and deliberate waiver of her grievance rights. On the merits of the arbitration award, the trial court held that the arbitrator properly applied Pennsylvania law on immorality and that her award was rationally derived from the collective bargaining agreement.

■■■ The School District appealed to this Court. On appeal,[4] the School District argues that the arbitrator's award cannot stand for three reasons. First, the School District argues that the arbitrator lacked jurisdiction over the grievance because Buske elected to challenge her dismissal in accordance with the procedures provided by the Public School Code of 1949 and to waive her right to a grievance. Second, the School District argues that the arbitrator's award does not draw its essence from the collective bargaining agreement. Third, the School District contends that

the arbitrator's award contravenes the public policy of protecting students' safety and welfare.

### Statutory Procedure for Dismissal

We begin with a review of the Public School Code of 1949, which sets forth the procedures to be followed when a school district seeks to dismiss a professional employee. Section 1127 states as follows:

Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges. Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice. At such hearing all testimony offered, including that of complainants and their witnesses, as well as that of the accused professional employe and his or her witnesses, shall be recorded by a competent disinterested public stenographer whose services shall be furnished by the school district

---

4. A party may raise the threshold issue of arbitrability on appeal so long as the issue was raised before the arbitrator. *Chester Upland School District v. McLaughlin*, 655 A.2d 621, 628 (Pa.Cmwlth.1995). If it is determined that the dispute is not subject to arbi-

tration, the court may vacate the arbitration award. *Id.* Arbitrability is a question of law over which this Court's scope of review is plenary. *Township of Sugarloaf v. Bowling*, 563 Pa. 237, 241 n. 3, 759 A.2d 913, 915 n. 3 (2000).

at its expense. Any such hearing may be postponed, continued or adjourned.

24 P.S. § 11–1127.

■■■■ Pennsylvania courts have construed Section 1127 to mean that a tenured teacher can only be dismissed by a school district's board, not its administrative staff. *See, e.g., Kaplan v. School District of Philadelphia*, 388 Pa. 213, 130 A.2d 672 (1957) (holding that the school superintendent could suspend a teacher for cause pending a hearing before the school board to consider a dismissal). In no case can the effective date of the dismissal be earlier than the date of the school board's resolution. *Bruckner v. Lancaster County Area Vocational–Technical Joint School Operating Committee*, 78 Pa.Cmwlth. 314, 467 A.2d 432, 434–35 (1983). Further, the statutory procedures for dismissal "must be strictly followed and ... no material deviation therefrom is permissible." *Department of Education v. Oxford Area School District*, 24 Pa.Cmwlth. 421, 356 A.2d 857, 860 (1976). A deviation from these procedures constitutes a denial of due process. *Id.* at 860–61.

In *Oxford*, the district superintendent recommended that a teacher who had been arrested for shoplifting be dismissed for immorality. The superintendent testified as a witness at the school board hearing and participated in the school board's post-hearing deliberations. The school board voted to dismiss the teacher. This Court held that the School Code's requirement of "impartial and unbiased" consideration had been violated, although inadvertently, and remanded to the school board for a new hearing. *Id.* at 861.

In *In re Swink*, 132 Pa.Super. 107, 200 A. 200 (1938), a school board voted to dismiss a teacher for immorality. Thereafter, it sent her a notice stating that she could attend a hearing to convince the board of the reasons she should be reinstated. The Superior Court held that dismissing the teacher without a prior hearing violated the statutory procedure in effect at that time.[5] These deviations from the statutory procedures constituted

---

5. The statute then in effect was Section 1205 of the Public School Code, Act of May 18, 1911, P.L. 309, *as amended* by Section 2 of the Teachers' Tenure Act, Act of April 6, 1937, P.L. 213, *formerly* 24 P.S. § 1126, *repealed by* Section 2701 of the Public School Code of 1949. It provided as follows:

(d) Before any professional employe is dismissed ... the secretary of the school district shall furnish such professional employe with a detailed written statement of the charges upon which his or her dismissal ... is based, together with a written notice signed by the president and attested by the secretary of the board of school directors of a time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors.

\* \* \*

(f) After fully hearing the charges or complaints and hearing all witnesses pro-duced by the board and the person against whom the charges are pending, and after full, impartial and unbiased consideration thereof, the board of school directors ... shall by a two-thirds vote of all the members thereof, to be recorded by roll call, determine whether or not such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and in accordance with such determination shall discharge ... such professional employe or shall dismiss the complaint.

24 P.S. § 1126(d), (f). Similar provisions are now found in Sections 1127 and 1129 of the Public School Code of 1949.

"fatal defects," making the school board's dismissal an "illegal" act. *Id.* at 203. Accordingly, the Superior Court reversed the school board's decision.

█ In short, a school board that does not strictly follow the statutory procedures for a teacher dismissal violates due process. *Oxford,* 356 A.2d at 860. Further, a "fatal defect" in the procedures followed by the school board will render its teacher dismissal an illegal act. *In re Swink,* 200 A. at 203. Here, Buske asserts that the notice issued by the School District was misleading and, thus, rendered the hearing an illegal proceeding.

### Grievance Arbitration of a Dismissal

The Public School Code of 1949 allows professional employees covered by a collective bargaining agreement to grieve and arbitrate the involuntary termination of their employment. Section 1133 states:

Nothing contained in sections 1121 through 1132 shall be construed to supersede or preempt a provision of a collective bargaining agreement in effect on July 23, 1970, or on any date subsequent thereto, negotiated by a school entity and an exclusive representative of the employes in accordance with the act of July 23, 1970 (P.L. 563, No. 195), known as the "Public Employe Relations Act," which agreement provides for the right of the exclusive representative to grieve and arbitrate the validity of a professional employe's termination for just cause or for the causes set forth in section 1122 of this act; however, no agreement shall prohibit the right of a professional employe from exercising his or her rights under the provisions of this act except as herein provided. *However, if within ten (10) days after the*

*receipt of the detailed written statement and notice as required by section 1127, the professional employe chooses to exercise his or her right to a hearing, any provision of the collective bargaining agreement relative to the right of the exclusive representative to grieve or arbitrate the termination of such professional employe shall be void.* Professional employes shall have the right to file a grievance under the collective bargaining agreement or request a hearing pursuant to section 1121 through 1132, but not both.

24 P.S. § 11–1133 (emphasis added).[6]

Section 1133 of the Public School Code of 1949 was enacted in response to our Supreme Court's holding in *Neshaminy Federation of Teachers v. Neshaminy School District,* 501 Pa. 534, 462 A.2d 629 (1983), which held that the dismissal of a tenured teacher was not subject to grievance arbitration. Section 1133 made a teacher dismissal a matter that could be arbitrated, but it did not extinguish the statutory procedure. It established, however, that a discharged teacher must choose between the two remedies. If the teacher "chooses to exercise his or her right to a hearing" within 10 days of receipt of the written statement of charges and notice, the grievance right "shall be void." 24 P.S. § 11–1133.

As a member of the Union, Buske was covered by the collective bargaining agreement between the Union and the School District. Article 4–2 of the agreement guarantees that employees will not be dismissed without just cause. It states:

*An Employee will not be disciplined, dismissed, reprimanded, reduced in rank, contractual compensation or con-*

---

6. Section 1133 of the Public School Code of 1949 was added by the Act of June 29, 1984, P.L. 438.

*tractual advantage without just cause. Any such actions asserted by the Board or any agent or representative thereof shall be subject to the grievance procedure herein described.* In the event an Employee should elect to utilize the arbitration level of the grievance procedure for the resolution of any dispute in this provision that could have been resolved through hearings pursuant to the School Code, such election of the contractual remedy provided herein shall constitute an irrevocable waiver of the School Code remedy. *In like manner, the utilization of the School Code procedures for the resolution of such problems shall constitute an irrevocable waiver of the arbitration remedy provided herein.*

R.R. 21 a (emphasis added).

In sum, Article 4–2 of the collective bargaining agreement and Section 1133 of the Public School Code of 1949 each provide that a professional employee facing dismissal may pursue either the contractual grievance remedy or the statutory remedy, but not both. The grievance effects "an irrevocable waiver of the School Code remedy." Article 4–2 of the CBA; R.R. 21 a. Likewise, where the employee attends a Section 1127 hearing before the school board, her right "to grieve or arbitrate [a dismissal] ... shall be void." 24 P.S. § 11–1133. The School District argues that Buske's appearance at the School Board hearing nullified her ability to pursue a grievance.

### Jurisdiction of Arbitrator

The School District contends that the arbitrator erred in asserting jurisdiction over Buske's grievance. The School District contends that its hearing notice contained all the information required by Sections 1121 and 1127.[7] Buske elected to pursue a Section 1127 hearing and to abandon grievance arbitration as the way to challenge her dismissal from employment. Accordingly, the arbitrator's award was nullified by the Secretary of Education's subsequent adjudication that upheld the School Board's dismissal action.

■ Buske rejoins that the arbitrator had jurisdiction over the grievance because she did not make a knowing election to pursue a School Board hearing in lieu of a grievance arbitration. She contends that the School District's hearing notice was misleading and, thus, legally void. She explains that she attended the July 28, 2011, hearing in the belief that it was a *Loudermill* hearing.[8]

**7.** Section 1121(c) directs the form of contracts between individual teachers and school districts. It provides, in relevant part, as follows:

"This contract is subject to the provisions of the 'Public School Code of 1949' and the amendments thereto.

"AND IT IS FURTHER agreed by the parties hereto that none of the provisions of this act may be waived either orally or in writing, and that this contract shall continue in force year after year, ... unless terminated by the professional employe by written resignation presented sixty (60) days before resignation becomes effective, or by the board of school directors (or board of public education) by official written notice presented to the professional employe: Provided, That the said notice shall designate the cause for the termination and shall state that an opportunity to be heard shall be granted if the said professional employe, within ten (10) days after receipt of the termination notice, presents a written request for such hearing."
24 P.S. § 11–1121(c) (quotations in original).

**8.** Under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), due process requires that a public employee must receive a pre-termination hearing. *See, e.g., McFerren v. Farrell Area School District*, 993 A.2d 344, 348 n. 2 (Pa.Cmwlth.2010). Where there is a statutory pre-termination hearing, as in Section 1127 of

## Election of Remedies

 The election of remedies doctrine is derived from the law of estoppel, and it prevents a litigant who has chosen one remedy from pursuing a different theory of recovery. *Smith v. Brink,* 385 Pa.Super. 597, 561 A.2d 1253, 1255 (1989). The doctrine prevents double recovery for a single injury. *Schwartz v. Rockey,* 593 Pa. 536, 548, 932 A.2d 885, 892 (2007). For the election of remedies doctrine to apply, the

> litigant must manifest an intent to forgo other available remedies by resorting to one remedy by some act or procedure made with the knowledge of all of his or her rights and without fraud or imposition on the part of the adversary.

25 AM.JUR.2D, Election of Remedies, § 14 (2004) (footnotes omitted); *Simpson v. Equitable Life Assurance Society of the United States,* 127 Pa.Super. 386, 193 A. 309, 311 (1937) (noting that a litigant must make a deliberate and knowing choice). An election made by one under a "mistake of facts, or a misconception as to his rights, is not binding." *Simpson,* 193 A. at 311. Further, an "election of remedies induced by misrepresentation is not binding." 25 AM.JUR.2D, Election of Remedies, § 12.

This Court has held that where a public employee may pursue either a statutory hearing or a grievance arbitration to challenge discipline, the decision to pursue one

constitutes an election of remedies. *Township of Falls v. Whitney,* 730 A.2d 557, 561 (Pa.Cmwlth.1999). In *Township of Falls,* the employer issued a notice of suspension to a police officer. The notice explained that the officer could pursue either an administrative hearing before the Township's board of supervisors on the suspension or pursue a grievance. He chose the hearing; when it did not go well, he then filed for grievance arbitration. This Court held that the police officer had elected his statutory remedy, and this barred his ability to pursue a grievance.

In the case of Buske, both the arbitrator and the trial court held that she had not clearly elected the statutory remedy and, thus, was free to pursue a grievance.

## Notice of Dismissal and Hearing Charges

The School District's hearing notice did not explain to Buske that she had a choice between a School Board hearing or a grievance. It did not state what she had to do to preserve her right to a grievance, as did the notice in *Township of Falls.* The School District's notice scheduled a date certain, place and time for the Board hearing on her dismissal. It then stated that the scheduled hearing was conditional on her making a written request for the scheduled hearing.[9] Finally, the hearing notice stated as follows:

---

the Public School Code of 1949, *Loudermill* does not come into play.

**9.** This request is required under the terms of her individual teacher contract with the School District that have been provided in Section 1121 of the Public School Code of 1949. *See* n. 7, *supra.* The School District construes the individual teacher contract requirement that a teacher request a hearing on an involuntary termination to trump the mandatory procedure in Section 1127. Thus, the hearing notice stated that if Buske did not request a hearing, she would "be discharged

from employment without any hearing." R.R. 57a. Section 1127 states that a school board "shall" hear the administrative staff's evidence and vote on a teacher dismissal. 24 P.S. § 11–1127. It does not provide any exception from this procedure for the situation where the teacher does not request a hearing. Further, Section 1121(c) provides that employment contracts are "subject to ... the amendments" to the Public School Code of 1949, which would include the right to file a grievance under Section 1133 in lieu of requesting a school board hearing. 24 P.S. § 11–1121(c).

Your failure to request the hearing will constitute a waiver of your statutory, contractual and constitutional rights and you will be discharged from employment without any hearing. IF YOU CONTEST YOUR DISMISSAL, YOU MUST ASK FOR A HEARING OR YOU WILL LOSE ALL OF YOUR RIGHTS, and the hearing as described above will be cancelled.

R.R. 57a (emphasis in original).

The trial court found this above-quoted information, which is not required anywhere in the Public School Code of 1949, to be gratuitous and confusing. Indeed, this warning is directly opposite to what Section 1133 of the Public School Code of 1949 provides. Section 1133 states that if "the professional employe chooses to exercise his or her right to a [Section 1127] hearing," this request renders the opportunity to pursue grievance arbitration "void." 24 P.S. § 11–1133.

The gratuitous warnings in the School District's hearing notice are less than pellucid, given that the Board "shall conduct" a hearing before dismissing a teacher. 24 P.S. § 11–1127. It must hear the evidence of the complainants and the teacher being dismissed in order to vote. And there must be a vote. Only if two-thirds of the board members vote in favor of dismissal can a teacher be dismissed. 24 P.S. § 11–1129. Likewise, it is not correct that a teacher loses her "contractual rights," such as a right to pursue a grievance, if she does not request the school board to conduct a hearing on its intended dismissal.

The School District's hearing notice is designed to induce a tenured teacher to choose a Section 1127 hearing before the School Board. It compares unfavorably to the notice used by the police chief of the Township of Falls, which explicitly advised the employee that he had a choice to make: a statutory hearing or a grievance. *Township of Falls*, 730 A.2d at 559. A notice of hearing from the School District that explained what was provided in Section 1133, as well as the substance of Section 1127, would convey the information needed by a teacher to make a deliberate election of remedies. It would be fair and not confusing.

## Analysis

■ The Secretary of Education affirmed Buske's dismissal. Section 1132 of the Public School Code of 1949 directs that the "ruling or decision of the Secretary of Education shall be final, unless, an appeal is taken[.]" 24 P.S. § 11–1132.[10] Before the Secretary's adjudication was issued, however, Buske was reinstated by arbitration. Now there are conflicting decisions from the Secretary of Education and from the trial court, a result that Section 1133 of the Public School Code of 1949 was designed to prevent.

The Secretary of Education held that the School District's hearing notice contained the information required by Section 1127. He specifically held that the statement of charges was sufficiently detailed for Buske to lodge a defense. He did not rule on the validity of the gratuitous information in the hearing notice or whether it caused unnecessary confusion. The Secretary found the claim of confusion not persuasive because there had been com-

---

**10.** Section 1132 states as follows:

The ruling or decision of the Secretary of Education shall be final, unless, an appeal is taken in accordance with the provisions of the act of June 4, 1945 (P.L. 1388, No. 442), known as the "Administrative Agency Law" [71 P.S. §§ 1710.41–1710.47, since repealed].

24 P.S. § 11–1132. Under 2 Pa.C.S. § 704 and 42 Pa.C.S. § 763, any such appeal would be taken to this Court.

munications between Buske and the School District before the hearing. More importantly, the Secretary held that Buske did not preserve that issue at the Board hearing.

Had the Secretary's adjudication been appealed, this Court may have reversed the Secretary's order and held that the gratuitous information in the School District's hearing notice rendered it defective. The adjudication was not appealed, and it is binding. We are forced to conclude that the arbitrator erred in accepting jurisdiction over the grievance. The arbitrator should have held the grievance in abeyance, either before or after a hearing, while the Secretary decided the issue that Buske had appealed, *i.e.*, the validity of the notice. Indeed, had the Secretary ruled in Buske's favor and reversed her dismissal, there would have been no need to proceed through arbitration. The arbitrator exceeded her jurisdiction by deciding, at least implicitly, that the notice was confusing.

In *Jackson v. Centennial School District*, 509 Pa. 101, 501 A.2d 218 (1985), the Supreme Court held that a dismissed employee who receives an adverse determination from the Secretary of Education must appeal as provided for in the Public School Code of 1949 and cannot make a collateral attack on the Secretary's unappealed decision in another forum. *Jackson* is controlling.

### Conclusion

The arbitrator lacked jurisdiction over the grievance filed by the Union challenging Buske's dismissal. The trial court, therefore, erred in denying the School District's petition to vacate the grievance arbi-

---

**11.** Based on our disposition of the case, we do not address the remaining issues raised by

tration award. Accordingly, the order of the trial court is reversed.[11]

### ORDER

AND NOW, this 9th day of January, 2014, the order of the Court of Common Pleas of Bucks County filed February 8, 2013, in the above-captioned matter, denying the Neshaminy School District's petition to vacate the arbitration award is hereby REVERSED.